AE

FILED

AUG - 9 2005 rQ
AUG 9 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LAWRENCE P. ORGAN, )
)
Plaintiff, )
)
v. ) No. 05 CV 2317
)
MARC BYRON, BEN KAAK and ) Judge James B. Zagel
CATHRINE BARBARO, )
)
Defendants. )

## NOTICE OF FILING

**TO:** Mr. J. Scott Humphrey
Seyfarth Shaw LLP
55 East Monroe Street - Suite 4200
Chicago, IL 60603

**PLEASE TAKE NOTICE** that, on August 9, 2005, we will file with the Clerk for the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, the **Plaintiff's Response and Memorandum in Opposition to Defendants' Rule 12(b)(3) Motion to Dismiss**, a copy of which is attached hereto and herewith served upon you.

Dated this 9th day of August, 2005.

**LAWRENCE P. ORGAN**

By: ______________________
One of His Attorneys

Jack L. Haan, #6210936
James J. Eccleston, #6196175
Henry N. Novoselsky, #2070006
Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C.
20 North Wacker Drive – Suite 2900
Chicago, Illinois 60606
(312) 621-4400
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that I caused the foregoing Notice of Filing and document(s) therein referred to be served on the counsel and/or parties listed below:

Mr. J. Scott Humphrey
Seyfarth Shaw LLP
55 East Monroe Street
Suite 4200
Chicago, IL 60603
(Attorney for Defendants)

by U.S. Mail on August 9, 2005.

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct. Executed at Chicago, Illinois, this 9th day of August, 2005.

Jacqueline Phillips



FILED
AUG - 9 2005
AUG 9 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAWRENCE P. ORGAN,

Plaintiff,

v.

MARC BYRON, BEN KAAK and CATHRINE BARBARO,

Defendants.

No. 05 C 2317

Judge James B. Zagel

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANTS' RULE 12(b)(3) MOTION TO DISMISS FOR IMPROPER VENUE**

Plaintiff, LAWRENCE P. ORGAN ("Organ"), by Jack L. Haan, James J. Eccleston and Henry N. Novoselsky of Shaheen, Novoselsky, Staat, Filipowski & Eccleston P.C., his attorneys, for his Response to Defendants' Rule 12(b)(3) Motion to Dismiss for Improper Venue, respectfully submits the following memorandum.

**Summary of Plaintiff's Opposition**

Defendants' Rule 12(b)(3) Motion to Dismiss for improper venue is predicated upon controlling application of a forum selection provision laying venue in the federal courts in the State of Delaware. This forum selection clause is contained in a contract made by Mr. Organ and Mosaic Group, Inc., a Canadian corporation ("Mosaic"), and certain Delaware transaction effectuating subsidiaries created by Mosaic, by which contract Mr. Organ and others purchased stock of Mosaic in exchange for membership interests in a certain Illinois limited liability company.

Defendants are individuals who, through misrepresentations and material omissions made, in pertinent part, personally within the State of Illinois, procured, aided and/or participated in the solicitation of this sale. Mr. Organ's action herein against Defendants is a statutory, private civil

action under Section 13A of the Illinois Securities Law of 1953 ("Ill. Securities Law") (815 ILCS 5/13A) seeking statutory damages and other relief from Defendants as a result of their violations of the anti-fraud provisions of Sections 12(F)(G) and (I) of the Ill. Securities Law (815 ILCS 5/12(F)(G) & (I)).

Defendants have no standing to assert the forum selection clause contained in the contract made by Mr. Organ and Mosaic to control the laying of venue of Mr. Organ action under the Ill. Securities Law arising out of Defendants' violations of the Law.

Defendants are not parties to the contract by which Mr. Organ purchased or acquired stock of Mosaic. Defendants do not claim to be, and clearly are not third party beneficiaries of the contract of which they claim the benefit. Further, given the nature of Mr. Organ's claim against Defendants and the facts upon which the same is based, Defendants have not and cannot establish that they fall within the class of non-parties to a contract who are to "benefit from and to be subject to" the contract's forum selection clause. See, *The City of Peru v. Bouvier*, 2001 WL 590036*1 (N.D. Ill. 2001); *Sparks Tune-Up Centers, Inc. v. Strong*, 1994 WL 188211*4 (N.D. Ill. 1994); see, also, *Lamson v. LFG, LLC*, 2000 WL 33539382*1 (N.D. Ill. 2000).

While certain non-parties to a contract may be deemed to be so "closely related" to the contract's signatories or the transaction as to have the benefit of (and be subject to) the contract's forum selection clause, Defendants may not successfully claim that status. Such is the case for each and all of the following reasons: (a) the contract between Mr. Organ and Mosaic was not a personal service contract where contractual service obligations can only be fulfilled by acts of a contracting party's employees, evidencing the contracting parties' intent to bind employees; (b) the cause of action asserted herein does not arise out of the contract, but arose out of violations of legal duties independent of the contract, arising from circumstances extraneous to, and not constituting an

element of the contract or dependent upon its construction or application; and (c) of clear and controlling significance, contractual mutuality is lacking and, as Mr. Organ could not invoke the forum selection provision affirmatively against Defendants, non-parties to the contract, Defendants may not be permitted to utilize the contract's forum selection clause as a shield herein.

Mr. Organ was, and remains, firmly of the belief that the forum selection clause contained in his contract with Mosaic has no application to his action against Defendants herein. However, should this Court determine that the forum selection clause is, in fact, operative, then, as this Court has subject matter jurisdiction and as venue would properly lay in the federal courts in the State of Delaware, Mr. Organ respectfully requests that this Court exercise its discretion and transfer this action to the United States District Court for the District of Delaware pursuant to the provisions of Section 1406(a) of the Judicial Code (28 U.S.C.A. §1406(a)) rather than dismissing the action.

## ARGUMENT

### Defendants lack standing to assert the forum selection clause to control laying venue

While Defendants correctly state the law with respect to the deference to be afforded to forum selection clauses in general and the substantial burden to be shouldered in showing that enforcement would be unreasonable or unjust or that the clause was invalid for such reasons as fraud or overreaching, it is important to note that this analysis is relevant only where the forum selection clause is, in fact, operative to control the laying of venue. *Nemeth v. World Telecom Group*, 1994 WL 589546*1 (N.D. Ill. 1994); *Clinton v. Janger*, 583 F.Supp. 284, 287 (D.C. Ill. 1984) ("In order to enforce any or all of the forum selection clauses, the Court must first determine that the subject matter of the dispute is one contemplated under the terms of that clause.") Similarly, when a party asserting application of a forum selection clause is not a party to the contract, the threshold issue is whether that non-party has standing to advance the provision as operative. See, *Hugel v. The*

*Corporation of Lloyd's*, 999 F.2d 206, 210 n.7 (7th Cir. 1993). If standing is lacking the forum selection clause will be deemed not to be operative and then no reason is presented to determine whether enforcement of the clause would be unreasonable. See, *The City of Peru v. Bouvier Hydropower, Inc.*, 2001 WL 59036*1 (N.D. Ill. 2001); *Sparks Tune-Up Centers, Inc. v. Strong,* 1994 WL 188211*4 (N.D. Ill. 1994).

Here, Defendants are not parties to the contract whose forum selection clause they seek to assert. Defendants did not agree to litigate relevant disputes with Mr. Organ in the State of Delaware and did not so contractually obligate themselves by the contract which they seek to assert. Defendants, therefore, as non-parties to the contract, have no standing to assert the provision as controlling the laying of venue for Mr. Organ's action herein. See, *The City of Peru v. Bouvier Hydropower, Inc., supra* at 2001 WL 59036*1; *Lamson v. LFG, LLC*, 2000 WL 33539382*1 (N.D. Ill. 2000). Accordingly, the forum selection clause fails the first part of the test, as it has no application to the action at issue by reason of Defendants' lack of standing to assert the same as controlling the laying of venue. Therefore, there is no reason to engage in a determination of the forum selection provisions reasonableness and the presumptions and burdens of proof relative to such an analysis have no relevancy herein.

Recognizing the significance of their status as non-parties to the contract of which they would claim the benefits, Defendants argue that, nonetheless, as employees of Mosaic they are to be deemed "closely related to a signatory" (Mosaic) and, therefore, invested with the status of non-parties to a contract who have standing to benefit from (and to be subject to) the contract's forum selection provision (Defendants' Memo., p.7, n.5). Defendants, however, are mistaken. As will be demonstrated below, Defendants are entitled to no such status and, therefore, lack standing to assert the forum selection clause as grounds for their Rule 12(b)(3) Motion to Dismiss for improper venue.

Contract Not a Service Agreement

The "closely related" theory appears to have grown out of decisions such as *Coastal Steel Corp v. Tilghman Wheelabractor Ltd.*, 709 F.2d 190, 202-03 (3rd Cir. 1983), in which federal courts have found that an arbitration agreement between a customer and a brokerage firm can also be binding on the agent who represented or traded in the customer's account even if the agent had not signed the customer agreement. See, *Lee v. Chica*, 983 F.2d 883, 886-87 (8th Cir. 1993); *Clinton v. Janger, supra* at 853 F.Supp. 290. The controlling characteristics of such agreements, found to warrant a conclusion that the nature of the contract was such as to evident an intent of the parties that employees of the contracting parties were to be bound by the contract (so as to have standing to assert the same), lie in the fact that the contracts in question were all service contracts. Service contracts evidence transactions where a contracting party's performance under the contract could be fulfilled only by the acts of its employees. In such a situation, it is typical to find that the parties to the contract intended to bind employees, so as to afford the employees standing to assert the contract's arbitration clause. *McCarthy v. Azure*, 22 F.3d 351, 357 (1st Cir. 1994). In due course, this rationale was employed to authorize employees to also assert forum selection provisions contained in such service contracts. See, *Lamson v. LFG, LLC, supra* at 2000 WL 33539382*1.

However, as observed in both *McCarthy* and *Lamson*, the theory has no application where the contract in question is not a service contract in which it is to be assumed that the contracting parties intended that the contract bind employees. *McCarthy v. Azure, supra* at 22 F.3d 357-58; *Lamson v. LFG, LLC, supra* at 2000 WL 33539382*1. The contract between Mr. Organ and Mosaic at issue herein clearly was not a service contract in which Mosaic's future contractual performance was to be performed by its employees. This fact should prove dispositive, exactly as was the case in *McCarthy* and *Lamson* ("Unlike *McCarthy*, however, this case concerns a service contract, where a

firm's promises can be fulfilled by only the acts of its employees or agents." *Lamson*, 2000 WL 33539382*1). The exact same rationale which warranted this Court's finding in *Lamson,* that a non-party to a service contract had standing to assert the contract's forum selection clause, mandates the conclusion herein that Defendants possess no such standing to assert the forum selection clause in question.

The plain language of the forum selection clause itself is one of the best indicators that the clause is not enforceable against non-parties, the provision limiting its application to "(e)ach of the parties" (Contract, ¶12.2). That provision, taken together with the contract's integration clause, relating to all prior "agreements . . . and communications of the parties" (Contract, ¶12.1), clearly evidences the parties' intent to limit application of the contract and its pertinent provisions to the parties alone. See, *McCarthy v. Azure, supra* at 22 F.3d 358-59.

The Claim Asserted Does Not Arise Out of the Contract

A non-party to a contract may also be permitted to assert the contract's forum selection provision when a tort or similar non-contract cause of action asserted against the non-party employee is found to be so closely related to the contract as to warrant such action. In such cases, the determinative consideration appears to be whether the causes of action alleged grow out of or arise from the contract or, of necessity, implicate an interpretation of the contract or rights, duties or defenses thereunder. See, *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988). None of the foregoing factors are presented herein.

Unlike the action in *Lamson*, Mr. Organ's cause of action does not arise out of the contract in question, but is a statutory, private civil action arising under the Ill. Securities Law. See, *Lamson v. LFG, LLC, supra* at 2000 WL 33539382*1. Once again, in a situation similar to that in *McCarthy,* the cause of action arises from duties imposed not by the contract, but by state securities law,

identical to one of the causes of action asserted in *McCarthy. McCarthy v. Azure, supra* at 22 F.3d 351, 354 n.2.

The case at bar is not one in which a breach of contract action is sought to be passed off as an action sounding in tort, fraud or breach of duty in an attempt to avoid adverse consequences resulting from asserting the true action grounded in contract. General law on the point was well-stated in *Greater New York Automobile Dealers Association v. Environmental Systems Testing, Inc.*, 211 F.R.D. 71, 82 (E.D. NY. 2002), as follows:

> ". . . a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. This legal duty must spring from circumstances extraneous to, and not constituting elements of the contract, although it may be connected with and dependent upon the contract."

Mr. Organ's action under the Ill. Securities Law herein fully meets each of the above requirements; the cause of action arises out of Defendants' violations of the anti-fraud provisions of the Ill. Security Law, which statute, not the contract between Mr. Organ and Mosaic, provides the relevant duties, defenses and remedies wholly independent of the contract and its terms. Defendants, however, claim that this is not the case and appear to argue that, as a result of operation of the contract's integration clause, their prior misrepresentations and material omissions were merged into the contract's warranties and representations. Under this theory, Defendants' wrongful and actionable violations of Section 12 of the Ill. Securities Law are superseded and negated by operation of the integration clause, leaving Mr. Organ to rely solely upon the contract's warranties and representations to the effect that Mosaic's financial statements, filed under the Securities Act of Ontario, fairly presented Mosaic's financial condition as of an unidentified date (Contract 5.5). Thus, Defendants argue that, as it is the contract's warranties and representations alone which are to govern Mr. Organ's cause of action herein, what is actually at issue herein is enforcement of

contractual provisions (the contract's warranties and representations), contractual defenses (application of the integration clause) and contractual interpretation. Defendants' Memo., pp.6-7.

Neither the contract itself nor Illinois law will permit any such reading and interpretation of the contract and its integration clause as having the effect of superseding and negating the consumer protection, anti-fraud provisions of the Ill. Securities Law and insulating wrongdoers from the consequences of their violations of the Law. See, *Foreman v. Holsman*, 10 Ill.2d 551, 554 (1957).[1]

Mr. Organ's cause of action herein does not arise under the contract with Mosaic, the theories or grounds for relief advanced are based upon the Ill. Securities Law, not the contract. The action asserted by Mr. Organ does not relate to enforcement of rights or remedies under the contract. The obligations and duties at issue are not based upon or to be determined from the contract, nor is any contractual right or remedy involved herein. Further, no contractual interpretation is required in order to resolve the dispute presented herein. Thus, it is clear that the contract between Mr. Organ and Mosaic is not so closely related to the dispute herein as to warrant a conclusion that Defendants, as non-parties to the contract, should be afforded standing to assert the contract's forum selection provision herein.[2]

---

1 In passing upon Defendants' theory, this Court may consider the factual allegations of Mr. Organ's complaint, taking the same as true and drawing all reasonable inferences in his favor. *Nagel v. ADM Investor Services, Inc.*, 995 F.Supp. 837, 843 (N.D. Ill. 1998). In such regard, Mr. Organ has not only specifically alleged that the adverse consequences of the matters which Defendants misrepresented by omission, specifically, the adverse consequences of cancellation of the AT&T Contract and the resulting Churn Chargeback, were not publicly available information at any time prior to Mr. Organ's agreement with Mosaic (Complaint, ¶33), that there was virtually no mention of the significance of the AT&T Contract in Mosaic's 2000 annual report or in any of Mosaic's fiscal 2001 quarterly reports (Complaint, ¶14) and that the procedures adopted by Mosaic in its fiscal reporting masked the consequences of cancellation of the AT&T Contract and the Churn Chargeback (Complaint, ¶38), all of which being fully known by Defendants, but not disclosed by them to Mr. Organ at the time they solicited, procured and aided and participated in Mr. Organ's purchase of Mosaic's stock (Complaint, ¶¶5-7, 22-30, 36-37, 46-48).

2 The very same factors regarding the lack of relationship between the cause of action and the contract at issue also result in the conclusion that the forum selection clause is not be read as encompassing Mr. Organ's statutory, private civil action against Defendants under the Ill. Securities Law.

Lack of Mutuality

Finally, and of controlling importance, is the fact that, under any circumstances, the doctrine of mutuality prevents Defendants from using the forum selection clause against Mr. Organ, because Mr. Organ would not have been able to enforce the forum selection clause against Defendants. See, *Lamson v. LFG, LLC,* supra at 33539382*1.

The doctrine of mutuality and its application to forum selection clauses was definitively set forth by the Seventh Circuit in *Helmet Frietsch v. Refko, Inc.*, 56 F.3d 825, 827-28 (7th Cir. 1995), as follows:

> ". . . courts in this country . . . enforce selection clauses in favor of non-parties 'closely related' to a signatory. (Citations omitted.) That is not an illuminating phrase; nor is recasting it as an issue of 'foreseeability' much a help. But these vague formulas can be given meaning by reference to the principle of mutuality. Rejected in recent times in areas of law ranging from contract to collateral estoppel, the principle of mutuality retains undeniable appeal in regard to the scope of forum selection clauses . . . . mutuality requires that . . . (the defendant) . . . be allowed to invoke the clause. Otherwise the plaintiffs would have a choice of venues but . . . (the defendant) . . . would not, and there is no reason for such an asymmetry of procedural choices."

Under the mutuality doctrine, only if a party to the contract sought to be bound to its forum selection clause by a non-party to the contract would be able to enforce the very same forum selection clause against the non-party is the non-party to be permitted to enforce the forum selection clause against the party to the contract. *Lamson v. LFG, LLC, supra* at 2000 WL 33539382*1; see, also, *McCarthy v. Azure, supra* at 22 F.3d 361 (". . ., judges should think long and hard before endorsing a rule that would allow a party to use the courts to vindicate his rights while at the same time foreclosing his adversary from comparable access . . . . Though the law is not perfectly proportional, this lack of mutuality of obligation is disturbing particularly as it arises in a contractual context.")

Further dispositive of the issue is the fact that no reported decision appears to exist in which a "closely related" non-party "transaction participant" to a contract was actually held "subject to" a contract's forum selection clause which the non-party resisted. *The City of Peru v. Bouvier Hydropower, Inc., supra* at 2001 WL 59036*1 (N.D. Ill. 2001); *Sparks Tune-Up Centers, Inc. v. Strong, supra* at 1994 WL 188211*4 (N.D. Ill. 1994).

As noted in both *City of Peru* and *Sparks,* the common factor in cases which hold that a non-signatory should "benefit from and be subject to" was that the non-party actually sought, rather than resisted, application of the forum selection clause. While decisions such as *Clinton v. Janger*, 583 F.Supp. 284, 290 (N.D. Ill. 1984), recognize that certain non-parties should not only be permitted to benefit from a forum selection provision, but, also, should "be subject to" that forum selection clause, the reality is that parties to a contract seeking to enforce the contract's forum selection provision affirmatively against a non-party to the contract have been unable to point to any case in which a non-party, who resisted application of the forum selection provision, was compelled to litigate in a jurisdiction specified in a forum selection clause which he did not agree to or bargain for. The fact is that non-parties to a contract have not been held to a forum selection clause contained in a contract of which they were not a party over their objection to being so bound. *The City of Peru v. Bouvier Hydropower, Inc., supra* at 2001 WL 59036*1; *Sparks Tune-Up Centers, Inc. v. Strong, supra* at 1994 WL 188211*4. There is no reason to believe that Defendants would not be so treated if they objected to the contract's forum selection clause being affirmatively employed against them.

Simply stated, since Mr. Organ could not use the forum selection clause as a sword against Defendants, Defendants are not entitled to use it as a shield herein. *Lamson v. LFG, LLC, supra* at

2000 WL 33539382*1. Defendants, therefore, cannot utilize the forum selection clause as grounds for their Rule 12(b)(3) Motion to Dismiss for improper venue and that Motion should be denied.

**Should this Court determine that the forum selection clause is applicable herein, then it would serve the interests of justice to transfer this action to the United States District Court for the District of Delaware, rather than dismissing the action.**

Section 1406 of the Judicial Code (28 U.S.C.A. §1406) governs the dismissal or transfer of cases when venue is improper. *United Financial Mortgage Corp. v. Bayshore Funding Corporation*, 245 F.Supp.2d 884, 896 (N.D. Ill. 2002). Where it appears that venue is not proper in the district court where an action has been instituted, that the court has subject matter jurisdiction and that venue is proper in another district, pursuant to Section 1406(a)) the court may then decline to dismiss the action upon motion to dismiss under F.R.C.P. 12(b)(3) but may transfer the action to the district where venue is proper. The decision to transfer can be made *sua sponte* and in the absence of a motion for transfer (*Pathway Financial v. Heaton*, 1989 WL 48151*4 (N.D. Ill. 1989)) and a plaintiff faced with a Rule 12(b)(3) motion to dismiss for improper venue may, as has Mr. Organ herein, request in his brief in opposition that the action be transferred, not dismissed, if venue is found to be improper. *DC Electronics, Inc. v. Schleisinger*, 378 F.Supp.1029, 1033 (N.D. Ill. 1974).

The language of Section 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962). Section 1406(a) was designed to avoid the "time consuming and justice defeating technicalities" to which dismissal for improper venue necessarily gives rise and allows the suit to go forward in a proper venue and hence permits the transaction of judicial business more convertly and expeditiously. Therefore, where there is no indication that suit was commenced in an improper venue in furtherance of forum shopping, for purposes of harassment or otherwise instituted in bad faith, transfer is preferable to dismissal. E.g.,

*Spherian Corporation v. Cincinnati Financial Corporation,* 183 F.Supp.2d 1052, 1059-60 (N.D. Ill. 2002); *VanGelder v. Taylor*, 621 F.Supp. 613, 621-22 (N.D. Ill. 1985); *De La Fuente v. Interstate Commerce Commission*, 451 F.Supp. 872 (N.D. Ill. 1978).

As long as venue is proper in another district, "(t)he usual procedure should be transfer rather than dismissal." 15 Wright, Miller & Cooper, *Federal Practice and Procedure Jurisdiction* 2d §3827 (2004 and Supp. 2005). As transfer is ordinarily in the interest of justice because dismissal of an action that could be brought elsewhere is "time consuming" and may be "justice defeating" (*Spherian Corporation v. Cincinnati Financial Corporation, supra* at 182 F.Supp.2d 1059-60), it is presumed that a transfer is in the interests of justice. *United Financial Mortgage Corp. v. Bayshore Funding Corporation, supra* at 245 F.Supp.2d 896.

Although Defendants urge this Court to dismiss this action, not to transfer it, they have presented nothing which would overcome the presumption in favor of transfer. Mr. Organ has not engaged in any improper forum shopping, he did not institute his statutory, private civil action under the Ill. Securities Law to harass Defendants or for any other improper purpose. To the contrary, Mr. Organ firmly believes and asserts that the forum selection clause in question cannot be asserted by Defendants, non-parties to the contract, and that venue for this action under the Ill. Securities Law is proper in this District.

Dismissal should be reserved for that action where its institution in an improper forum smacks of bad faith on the plaintiff's part (*D.C. Electronics, Inc. v. Schlesinger, supra* at 368 F.Supp. 1034) or when an action is improperly instituted with a blatant disregard for elementary principles of in personam jurisdiction or venue (*Brown v. Grimm*, 624 F.2d 58, 59 (7th Cir. 1980)). See, *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579-80 (7th Cir. 1989).

Contrary to Defendants' assertions, this case bears no similarity to the circumstances presented in *Continental Ins. Co. v. MIV Orsula*, 354 F.3d 603, 606-08 (7th Cir. 2003), where there was no question that the forum selection clause applied to the particular cause of action, because it clearly arose out of the contract and the parties to the action were the same parties to the contract. If Mr. Organ has misapprehended the application of the forum selection clause to his statutory, private civil action under the Ill. Securities Law against non-parries to the contract, his decision clearly was not made with a blatant disregard of basic principles of law and his misapprehension certainly was not an elementary, obvious mistake, but an erroneous determination made with regard to technicalities of the kind upon which venue provisions often turn, the very type of "justice defeating technicalities" to which dismissal for improper venue necessarily gives rise and which Section 1406(a) was designed to avoid. *Goldlawr, Inc. v. Heiman, supra* at 369 U.S. 467, 82 S.Ct. 916, 8 L.Ed.2d 39. The interests of justice would be served by a transfer of this action and, to the extent appropriate, Mr. Organ respectfully urges this Court to so act.

**CONCLUSION**

For the reasons stated above, Mr. Organ respectfully urges this Court to deny Defendants' Rule 12(b)(3) Motion to Dismiss for improper venue.

Respectfully submitted,

LAWRENCE P. ORGAN

By: ______________________
One of His Attorneys

Jack L. Haan, #6210936
James J. Eccleston, #6196175
Henry N. Novoselsky, #2070006
Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C.
20 North Wacker Drive – Suite 2900
Chicago, Illinois 60606
(312) 621-4400
Attorneys for Plaintiff