# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LAWRENCE P. ORGAN,

      Plaintiff,

         v.

MARC BYRON, BEN KAAK, and
CATHERINE BARBARO,

      Defendants.

No.  05 C 2317
Judge James B. Zagel

## MEMORANDUM AND OPINION ORDER

In 2002, Plaintiff Lawrence Organ agreed to sell his 54.1% interest in his company, Custom Offers LLC, to Mosaic Group, Inc., a Canadian company.  In exchange for his security interest, Plaintiff was to receive Mosaic stock and cash over a three-year period.  The merger has not proved nearly as profitable as Plaintiff expected, and he has filed suit in this court alleging that Defendants, three directors and officers of Mosaic, failed to disclose critical, adverse facts during the merger discussions.  Plaintiff further claims that he relied on Defendants' false representations when he agreed to execute the Merger Agreement and sell his ownership interest in Custom Offers.  He seeks rescission of the contract and significant monetary damages.

Defendants seek dismissal of the case pursuant to *Fed. R. Civ. P. 12(b)(3)*.  They claim that the dispute is subject to a forum selection clause in the Merger Agreement, which establishes Delaware as the only proper venue for disputes arising out of the merger.  Article XII, Section 12.2 of the Merger Agreement states:

> all aspects of this Agreement will be governed by the internal laws of the State of Delaware.  Legal proceedings relating to this Agreement, the agreements executed in connection with this Agreement or the transactions contemplated hereby or thereby may be commenced only in the State or Federal courts in Delaware.

> Each of the parties hereby consents to the exclusive jurisdiction of
> such courts (and of the appropriate appellate courts) in any such
> action and waives any objection to venue therein.

(Def. Ex. to Mot. to Dismiss).[1]

"The enforceability of forum selection clauses in international agreements is governed by the Supreme Court's decision in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)." *Bonny v. Society of Lloyd's*, 3 F.3d 156, 159 (7th Cir. 1993). Under *Bremen*, such clauses are *prima facie* valid and may be overturned only under limited circumstances. *Id.* Indeed, "the elimination of all such uncertainties by agreeing in advance on a forum acceptable to both parties is an indispensable element in international trade, commerce and contracting." *Id.* at 159-60. This is no less true when the parties to the transaction are sophisticated and represented by counsel. *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992).

At issue is whether Defendants, sued individually but with respect to actions undertaken in their official capacities in connection with a corporate transaction, may bind Plaintiff to a forum selection clause in an agreement to which they were not parties. Plaintiff argues that Defendants lack standing to assert the forum selection clause as a ground for dismissal because they were not signatories to the Merger Agreement and do not fall under the limited exceptions in which non-signatories may assert a forum selection clause against a contract signatory.[2]

---

[1] "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

[2] In other cases relevant to this dispute, courts use the terms "non-parties" and "non-signatories" interchangeably to reflect individuals or organizations that were not parties (signatories) to a contract containing a forum selection clause but which are parties to the litigation.

Alternatively, Plaintiff argues that the forum selection clause does not apply to this suit because the cause of action is based on Illinois Securities law and not a breach of contract theory. Defendants contend that they fall well within the scope of cases permitting non-signatories to enforce forum selection clauses against contract signatories and that Plaintiff is equitably estopped from arguing to the contrary. They also argue that Plaintiff's claims clearly arise from the merger and are governed by the Merger Agreement and its forum selection clause.

*American Patriot Ins. Agency, Inc. v. Mut. Risk Mgt. Ltd.*, 364 F.3d 884 (7th Cir. 2004) establishes the right of non-signatories to enforce a contract's forum selection clause against a signatory. *American Patriot* was preceded by a series of cases permitting contract signatories to enforce forum selection clauses against non-signatories "closely related" to a signatory. *See, e.g.*, *Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209-10 (7th Cir. 1993) (citing and relying upon cases in which non-signatories to a contract were bound to forum selection clauses when the non-signatories were so "'closely related' to the dispute such that it becomes 'foreseeable' that [they] will be bound"); *and Frietsch v. Refco, Inc.*, 56 F.3d 825, 827-28 (7th Cir. 1995) (explaining that the concepts of "closely related" and foreseeability are best understood through the lens of mutuality principles). *American Patriot* addressed the reverse situation, one more analogous to the present case.

In *American Patriot*, the plaintiff had entered into a contract (the "shareholder agreement") with an affiliate of the corporate defendant.[3] 364 F.3d at 886. The shareholder agreement contained a forum selection clause designating Bermuda as the jurisdiction for

---

[3]The plaintiff and defendant entered into a separate contract, which did not contain a forum selection clause but which, by its terms, was to be contained in revisions to the Shareholder Agreement.

3

litigating contract-based disputes. *Id*. The defendant, not a signatory to the shareholder agreement, sought to bind the plaintiff to the agreement's forum selection clause. *Id* at 887. Writing for the Court of Appeals for the Seventh Circuit, Judge Posner observed that the plaintiff could not defeat the forum selection clause to which he was otherwise bound "by suing an affiliate or affiliates of the party to the contract in which the clause appears, or employees of the affiliates." *Id*. at 889 (citing *Fritsch*, 56 F.3d at 827-28; *Hugel*, 999 F.2d at 209-10; *and Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1358-1360 (2d Cir. 1993)).

That conclusion was based in part on the Court's observation that the plaintiff and defendant had entered into their own contract, one the Court found to be part of a "package" which also included the shareholder agreement (and its forum selection clause.) *Id*. In this case, there is no corresponding contract between Plaintiff and the individual Defendants that might constitute part of the larger "package" of the Merger Agreement. Nonetheless, the logic of *American Patriot* is compelling. Plaintiff seeks to avoid the terms of the forum selection clause by suing Mosaic's officers rather than the corporation itself, though all of his claims relate directly to the execution of the Merger Agreement and are inextricably intertwined with the merger.[4]

Moreover, the cases on which Plaintiff relies to avoid the Merger Agreement's forum selection clause involve plaintiff-signatories seeking to impose forum selection clauses on non-signatories: the reverse of the situation at bar. *See, e.g.,. The City of Peru v. Bouvier*

---

[4]For example, Plaintiff alleges that Defendants engaged in a course of conduct with regard to the merger that was "deceptive and created a misleading picture of Mosaic's business condition and financial performance;" that he relied on these false representations in agreeing to execute the Agreement and sell his ownership interest in Custom Offers; and that he would not have proceeded with the merger if the Defendants had disclosed certain facts at the time of the merger transaction. (Pl. Compl. at ¶¶ 21, 24-28, 29-35, 39-41, 48.)

*Hydropower, Inc.*, No. 00 C 1179, 2001 WL 59036, at *1 (N.D. Ill. Jan. 19, 2001) (in which I ruled that a subcontractor could not bind the City of Peru to a forum selection clause contained in a contract between the subcontractor and the general contractor hired by the city). In another case relied upon by Plaintiff, non-signatory officers and directors of the signatory corporation sought to bind a signatory counter-plaintiff to a forum selection clause. *See Lamson v. LFG, LLC.*, No. 00 C 3094, 2000 WL 33539382, at *1 (N.D. Ill. June 22, 2000). Like Plaintiff, the counter-plaintiff sought to avoid the contractual provisions by arguing that the officers were not parties to the contract. Ruling in favor of the non-signatory officers, I applied the standard that typically governs the application of forum selection clauses *against* non-signatory parties. *Id*.

*American Patriot* suggests a different analysis is required in these situations, *i.e.*, when a non-signatory seeks to benefit from a forum selection clause to which the signatory agreed to be bound. Though not explicitly stated as such in *American Patriot*, the analysis could be considered a form of equitable estoppel. *Cf. Sparks Tune-Up Centers, Inc. v. Strong*, No. 95 C 5902, 1994 WL 188211, at *5 (N.D. Ill. May 12, 1994) ("[t]he binding thread in cases which hold that a non-signatory party should 'benefit from and be subject to' a forum selection clause is an overriding concern to prevent a contracting party from escaping contractual obligations which he bargained for and/or agreed upon"). In this case, the terms of the Merger Agreement are clear: disagreements related to the agreement are to be litigated "only" in the federal or state courts of Delaware, which hold "exclusive" jurisdiction over those disputes. (Def. Ex. to Mot. to Dismiss, Art. 12, § 12.2). Plaintiff bargained for and agreed to that term as part of his contract with Mosaic. Defendants do not lack standing to argue that Plaintiff is bound to that promise.

The same principle suggests that Plaintiff cannot escape the forum selection clause by basing his claims against Defendants on Illinois security law when those claims clearly relate to the execution of the Merger Agreement.  Plaintiff insists that his cause of action does not arise out of the Merger Agreement but is a statutory, private civil action arising under Illinois securities law.  (Def. Resp. at 6.)  However, Plaintiff acknowledges that a non-signatory may assert a contract's forum selection provision when a tort or similar non-contract cause of action asserted against the non-signatory is closely related to the contract.  (*Id*.)  In essence, Plaintiff argues his suit is unrelated to the Merger Agreement.

Once again, *American Patriot* precludes this argument.  Responding to the counter-plaintiff signatory's argument that it should not be bound to a forum selection clause because, *inter alia*, the suit alleged fraud and was not merely a contractual dispute, Judge Posner observed that:

> As for the fact that the defendants are charged with fraud rather than breach of contract, this can get the plaintiff nowhere in its efforts to get out from under the forum-selection clause . . . a dispute over a contract does not cease to be such merely because instead of charging breach of contract the plaintiff charges a fraudulent breach, or fraudulent inducement, or fraudulent performance.

*American Patriot*, 364 F.3d at 889 (citations omitted).  *Cf. Hugel*, 999 F.2d at 211 (observing that "[i]t defies reason to suggest that a plaintiff may circumvent forum selection . . . merely by stating claims under laws not recognized by the forum selected in the agreement" and noting that an agreement to submit disputes to another forum must be enforced "even if that agreement tacitly includes the forfeiture of some claims that could have been brought in a different forum") (quoting *Roby*, 996 F.2d at 1360-61).

In his Complaint, Plaintiff alleges that Defendants failed to disclose material facts regarding Mosaic's business and its financial condition prior to the closing of the merger and execution of the Merger Agreement. Moreover, as part of his request for relief he seeks recission of the agreement. Without question, the claims and the relief sought are closely related to the Merger Agreement if not central to the claims and defenses in this case.[5] *See Penn, LLC v. New Edge Network, Inc.*, 2003 WL 22284207, at *2 (N.D. Ill. Oct. 3, 2003) ("[i]f enforcement of a provision in the [agreement] is clearly a defense to a claim, that claim involves a right or remedy under the contract and should fall within the scope of the forum selection clause") (citing *Omron Healthcare v. Maclaren Exps., Ltd.*, 28 F.3d 600, 603 (7th Cir. 1994) (holding that "disputes the resolution of which arguably depend on the construction of an agreement 'arise out of' that agreement" for the purpose of applying the forum selection clause)).

In sum, Plaintiff fails to offer any persuasive reason for not holding him to the terms of his promise. I find that he is bound to the forum selection clause in his suit against Mosaic's officers and that under the terms of that clause, venue in this district is improper. I order transfer of the case to the U.S. District Court, District of Delaware pursuant to 28 U.S.C. § 1406(a).

ENTER:

*James B. Zagel*
_____

James B. Zagel
United States District Judge

DATE: November 23, 2005

_____

[5]For example, Article XII, Section 12.1 states that the Merger Agreement supercedes all prior communications among the parties, which would include some of the communications alleged in the Complaint, and Article V provides the specific representations and warranties given by Mosaic to Plaintiff.

7