**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **LAWRENCE P. ORGAN,**<br><br>**Plaintiff,**<br>**v.**<br><br>**MARC BYRON, BEN KAAK and CATHERINE BARBARO,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **C.A. No. 05-867 JJF** |

**PLAINTIFF'S ANSWERING BRIEF**
**IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

ROSENTHAL, MONHAIT & GODDESS, P.A.
Jeffrey S. Goddess (Del. Bar No. 630)
919 Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
jgoddess@rmgglaw.com
Attorneys for Plaintiff

Of Counsel:

SHAHEEN, NOVOSELSKY, STAAT, FILIPOWSKI & ECCLESTON, P.C.,
Jack L. Haan
Henry N. Novoselsky, #2070006
20 North Wacker Drive
Suite 2900
Chicago, IL 60606
Telephone (312) 621-4400
Facsimile (312) 621-0268
jhaan@snsfe-law.com

Dated: March 21, 2006

## TABLE OF CONTENTS

PAGE:

TABLE OF CITATIONS iii

NATURE AND STAGE OF PROCEEDING 1

SUMMARY OF ARGUMENT 2

ADDITIONAL STATEMENT OF FACTS 4

ARGUMENT 5

A. The Choice of Law Clause in Section 12.2 is Ineffective and Unenforceable Against Plaintiff In This Case 6

1. No Choice of Law Conflict Exists in Applying More Than One Blue Sky Law to Securities Law Claims, and Thus, the Illinois Securities Law Claim Is Not Precluded 6

2. By its Own Language, the Choice of Law Clause Does Not Address or Include State Securities Law Claims 7

3. Application of the Choice of Law Clause as Defendants Are Attempting Violates Illinois Public Policy 8

a. The established law uniformly holds that a choice of law clause will not be honored if it violates the public policy of a state with a materially greater interest than the selected state 9

b. The choice of law clause in Section 12.2 violates the public policy inherent in the Illinois Securities Law 10

c. Defendants' cited cases are inapplicable because they do not involve state securities law claims 12

4. Because Defendants are Not Signatories or Third-Party Beneficiaries to the Agreement, Defendants Lack Standing to Enforce the Choice of Law Clause Against Plaintiff 13

B. Even if the Court Were To Perform a Conflict of Law Analysis, Delaware Procedural Law Confirms that Illinois Substantive Law Applies to Plaintiff's State Securities Law Claim 15

C. The Integration Clause Does Not Bar Plaintiff's Illinois Securities Law Claim 17

1. Delaware Law Holds that an Integration Clause, Without Non-Reliance Language Within the Clause, Does Not Bar Claims Based on Fraud 17

2. Case Law Holds that an Integration Clause May Not Waive the Protections of State Securities Law Claims 18

D. The Delaware Borrowing Statute Does Not Apply 20

E. The "Indemnification" Article in the Agreement Does Not Limit The Time Frame For Filing an ISL Claim 22

CONCLUSION 23

## TABLE OF CITATIONS


| CASE: | PAGE: |
|---|---|
| *Abry Partners V, L.P. v. F & W Acquisition LLC,* 2006 WL 358236 (Del. Ch. Feb. 14, 2006) | 12 |
| *Alberts v. Davis,* No. C75-2483A, 1978 U.S. Dist. LEXIS 15207 (N.D. Ga. Sept. 29, 1978) | 9, 10 |
| *B. Lewis Productions v. Bean,* No. 02-93-KAJ, 2005 WL 273298 at 3 (D. Del. Jan. 28 2005) | 21 |
| *Barnebey v. E.F. Hutton & Co.,* 715 F. Supp. 1512 (M.D. Fla.1989) | 7 |
| *Boehnen v. Walston & Co.,* 358 F. Supp 537 (S.D. 1973) | 9 |
| *Brenner v. Oppenheimer & Co.,* 44 P.3d 364 (Kan. 2002) | 9, 10 |
| *Chesapeake Util. Corp. v. American Home Assur.,* 704 F. Supp. 551 (D. Del. 1989) | 16 |
| *Doody v. E.F. Hutton & Co.,* 587 F. Supp. 829 (D. Minn. 1984) | 19 |
| *Dymond v. National Broadcasting Co.,* 559 F. Supp. 734 (Del. D.C. 1983) | 16, 21-22 |
| *Foreman v. Holsman,* 10 Ill. 2d 551, 141 N.E.2d 31 (1957) | 11, 22 |
| *Getter v. R.G. Dickinson & Co.,* 366 F. Supp. 559 (S.D. Iowa 1973) | 9, 10 |
| *Gloucester Holding Corp. v. U.S. Tape and Sticky Products, LLC,* 832 A.2d 116 (Del. Ch. 2003) | 7, 8, 9 |
| *Hall v. Superior Court,* 150 Cal. App. 3d 411 (4th Dist. 1983) | 9 |

*In re Infocure Securities Litigation,*
210 F. Supp. 2d 1331 (N.D. Ga. 2002) 9

*In the Matter of Linder, Bilotti & Co.,*
42 SEC Decisions, pp. 407, 408 (1964) 19

*Insituform of North America, Inc. v. Chandler,*
534 A.2d 257 (Del.Ch.1987) 13, 14

*Ito Corp v. Prescott, Inc.,*
83 Wash. App. 282, 921 P.2d 566 (1996) 9

*Jackvony v. RIHT Fin. Corp.,*
873 F.2d 411 (1st Cir. 1989) 20

*Kehr Packages, Inc. v. Fidelcor, Inc.,*
926 F.2d 1406 (3d Cir.1991) 6

*Kost v. Kozakiewicz*
1 F.3d 176 (3d Cir. 1993) 5, 6

*Kronenberg v. Katz,*
872 A.2d 568 (Del. Ch. 2004) 17

*Lintz v. Carey Manor, Ltd.,*
613 F. Supp. 543 (W.D. Va. 1985) 6

*Marram v. Kobrick Offshore Fund, Ltd.,*
442 Mass. 43, 803 N.E.2d 1017 (Mass. Supp. 2004) 19, 20

*Meason v. Gilbert,*
236 Ga. 862, 226 S.E.2d 49 (1976) 18, 19, 20

*Oliver B. Cannon and Son, Inc. v. Dorr-Oliver, Inc.,*
394 A.2d 1160 (Del. 1978) 15

*One-O-One Enterprises, Inc. v. Caruso,*
848 F.2d 1283 (D.C. Cir. 1988) 20

*Redwend Ltd. Partnership v. Edwards,*
354 S.C. 459, 581 S.E.2d 496 (2004) 20

*Rissman v. Rissman,*
213 F.2d 381 (7th Cir. 2000) 20

*Rottlund Homes of New Jersey, Inc. v. Saul, Ewing, Remick & Saul, L.L.P.*, 243 F. Supp. 2d 145 (D. Del. 2003) 13, 14

*Saudi Basic Industries Corp. v. Mobil Yanbu Petrochemical Co.*, 866 A.2d 1 (Del. Supr. 2005) 20, 21

*Simms Inv. Co. v. E.F. Hutton & Co.*, 699 F. Supp. 543 (M.D. N.C. 1988) 6, 7

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478 (3d Cir.1998) 5

*Turtur v. Rothschild Registry Int'l, Inc.*, 26 F.3d 304 (2d Cir. 1994) 12, 13

*Valley Forge Ins. Co. v. Jefferson*, 628 F. Supp. 502 (D. Del. 1986) 15

*VGS, Inc. v. Castiel*, No. C.A. 17995, 2003 WL 723285 (Del. Ch. Feb. 28, 2003) 8

*WTM, Inc. v. Henneck*, 125 F. Supp. 2d 864 (N.D. Ill. 2000) 13

**OTHER AUTHORITIES:**

12 Blue Sky L. Rep. (CCH) 4:55 (Nov. 2005) 9, 13

69A Am. Jur. 2d *Securities Regulation – State* § 18 (2005) 6

Restatement (2d) of Conflicts of Laws § 187 (2)(b) (1971) 9

Restatement (2d) of Conflicts of Laws § 187 cmt. g (1971) 9

Restatement (2d) of Conflicts of Laws § 188 (2) (1971) 15, 16

Restatement (2d) of Conflicts of Laws § 188 cmt. e (1971) 16

## NATURE AND STAGE OF PROCEEDING

On April 19, 2005, Plaintiff Lawrence P. Organ filed this one-count Complaint in the federal court for the Northern District of Illinois against the Defendants, Marc Byron, Ben Kaak, and Catherine Barbaro, officers of Mosaic Group, Inc., for their fraudulent activity previous to a merger transaction between Mosaic Group, Inc. and Mr. Organ's company, Custom Offers, LLC. Plaintiff alleged that Defendants violated the Illinois Securities Law of 1953, 815 ILCS 5/1 *et al*, by, among other things, making representations to Mr. Organ in which the Defendants omitted stating material facts that were necessary to make representations regarding Mosaic Group, Inc.'s financial affairs not deceptive or misleading.

On June 30, 2005, Defendants filed in the Northern District of Illinois a Motion to Dismiss on venue grounds, per Federal Rule of Civil Procedure 12(b)(3). On November 23, 2005, Judge James Zagel denied Defendants' Motion to Dismiss, but entered an Order transferring this case to this District Court pursuant to 28 USC 1406(a). On February 21, 2006, Defendants next filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 30.) This is Plaintiff's Answering Brief in opposition to that motion and memorandum.

## SUMMARY OF ARGUMENT

Plaintiff has stated a valid cause of action under the Illinois Securities Law ("ISL"), 815 ILCS 5/1 *et seq.,* for the following reasons:

1. The choice of law clause in Section 12.2 of the Merger Agreement is ineffective and unenforceable in this case, so Delaware law should not apply to Plaintiff's state (Illinois) securities law claim, for several reasons. First, established case law holds that no choice of law conflict exists in applying more than one blue sky law to securities law claims, and thus, Plaintiff's ISL claim is not precluded. Second, by its own language, the choice of law clause does not address or include state securities law claims, so the clause does not include Plaintiff's claim in its coverage. Third, because Defendants are not signatories or third-party beneficiaries to the Agreement, Defendants lack standing to enforce the choice of law clause against Plaintiff. Fourth and finally, even if the choice of law clause did include state securities law claims, the application of the clause to preclude Plaintiff's statutory rights violates Illinois public policy, and thus is unenforceable. The established case law uniformly holds that a choice of law clause will not be honored if it violates the public policy of a state with a materially greater interest than the designated state. In this case, per the Illinois Supreme Court's ruling in *Foreman v. Holsman,* 141 N.E.2d 31 (1957), the choice of law clause violates the public policy of Illinois, which has a materially greater interest than Delaware in this case.

2. Even if the Court were to perform a conflict of law analysis, Delaware procedural law confirms that Illinois substantive law applies to Plaintiff's state securities law claim because Illinois has the materially greater interest in this case. Among other factors indicating Illinois' greater interest, Mr. Organ is an Illinois resident, his company

Custom Offers was an Illinois corporation, and the Defendants committed their fraudulent activity in Illinois, where the injury occurred.

3. The integration clause in Section 12.1 of the Agreement does not bar Plaintiff's ISL Claim. Delaware case law holds that an integration clause, without non-reliance language in the clause, does not bar claims based on fraud. Moreover, case law from other jurisdictions holds that an integration clause may not waive the protections of state securities law claims.

4. The Delaware borrowing statute does not apply. Plaintiff's claim arose in Illinois and Plaintiff initiated his suit there, so the purpose underlying the borrowing statute, to discourage forum shopping, is not present in this case. In addition, Delaware case law states that if a Delaware court applies the substantive law of the foreign state, then the Delaware court will apply the foreign state's statute of limitations. Here, the ISL applies, so the ISL's statute of limitations should likewise apply.

5. Article X, entitled "Indemnification" in the Agreement, does not limit the time for filing an ISL claim. Article X does not even apply to Plaintiff's ISL claim, for Article X addresses indemnification issues between the signatories for breaches of the covenants in the Agreement and possible fraud claims. Article X does not address state securities law claims in any manner. Further, even if Article X did apply to blue sky law claims, a clause limiting Plaintiff's ISL rights is against public policy and unenforceable as a matter of law.

## ADDITIONAL STATEMENT OF FACTS

Plaintiff Lawrence P. Organ has been a citizen of Illinois at all relevant times (D.I. 1, ¶ 1). His former company, Custom Offers LLC ("Custom Offers"), was an Illinois corporation with its principal business location in Evanston, Illinois (D.I. 1, ¶ 2). None of the defendants was at any time a citizen or resident of Delaware. Rather, Defendant Marc Byron is a citizen of New Jersey (D.I. 1, ¶ 5), while Defendants Ben Kaak and Catherine Barbaro are citizens of Ontario, Canada (D.I. 1, ¶ 6, 7). The Defendants' employer at the relevant time, Mosaic Group, Inc. ("Mosaic") was a Canadian corporation (D.I. 1, ¶ 3). Each of the Defendants was an officer of Mosaic. Mr. Byron was Chief Executive Officer of Mosaic, Mr. Kaak was Chief Financial Officer of Mosaic, and Ms. Barbaro was Legal and Corporate Secretary of Mosaic (D.I. 1, ¶¶ 5-7).

Mosaic, through the named individual Defendants, purposely availed themselves to Illinois when they solicited the merger transaction between Custom Offers and Mosaic. Mr. Byron made a personal solicitation of Mr. Organ in Illinois to discuss the contemplated transaction preceding the execution of the Merger Agreement ("Agreement") (D.I. 1, ¶ 24). Mr. Byron also participated in numerous telephone solicitations and discussions with Mr. Organ and other Custom Offers representatives during discussions leading to the execution of the Agreement (D.I. 1, ¶ 24). Mr. Kaak made a personal solicitation in Illinois when he presented and solicited agreement to the contemplated merger transaction to Mr. Organ and all of Custom Offers' employees who owned membership interests in Custom Offers (D.I. 1, ¶ 25). Both Mr. Kaak and Ms.

Barbaro made numerous telephone calls to owners of membership interests of Custom Offers in soliciting and furthering agreement to the merger transaction (D.I. 1, ¶ 26, 28).

Defendants claim that the Agreement "contains a binding choice of law clause". The choice of law clause in the Agreement is found in the first sentence of Section 12.2. It states that "[T]he Merger will be governed by Delaware Law to the extent applicable, and all other aspects of this Agreement will be governed by the internal laws of the State of Delaware." The Agreement defines "Merger" to be the "merger, on the terms and subject to the conditions set forth herein, of Merger Sub with and into Custom Offers in which Custom Offers would survive the merger and become a wholly-owned subsidiary of OpCo, all in accordance with the laws of the State of Delaware ("Delaware Law") and the State of Illinois ("Illinois Law")(the "Merger")" (D.I. 31, Exh. A, part 1, page 1). There is no choice of law clause in the Agreement which specifically states a choice of law for state securities law claims.

In ruling on Defendants' Motion that this case should be transferred to this District Court, Judge Zagel made no ruling whatsoever in his order regarding the enforceability of the choice of law provision in Section 12.2. (D.I. 21, p. 7).

**ARGUMENT**

**Applicable Standards Of Review**

Federal Rule of Civil Procedure 12(b)(6) requires a court to accept as true all material allegations of the complaint. *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir. 1998). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). The moving party has the

burden of persuasion. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Kost,* 1 F.3d at 183.

**A. The Choice of Law Clause in Section 12.2 is Ineffective and Unenforceable Against Plaintiff In This Case**

**1. No Choice of Law Conflict Exists in Applying More Than One Blue Sky Law to Securities Law Claims, and Thus, the Illinois Securities Law Claim is Not Precluded**

Defendants cannot justifiably argue that only Delaware law applies, because general choice of law principles do not apply to the broad coverage of the blue sky laws. Unique to securities laws, more than one blue sky law can apply to securities fraud claims. The case law is clear that "[I]n the area of securities transactions…no conflict of law analysis applies and all of the blue sky laws of all the jurisdictions apply to the transactions which are within the bounds of the statute." 69A Am. Jur. 2d *Securities Regulation – State* § 18 (2005).

The seminal case on this issue, *Lintz v. Carey Manor, Ltd.*, 613 F. Supp. 543, 551 (W.D. Va. 1985), held that no conflict of law question existed for overlapping state security laws between Virginia, New Jersey and Florida. If the defendants' actions violated each state's securities law, then the court saw no conflict of law issue if one blue sky law provided "fewer remedies, lacks an attorneys' fee provision, has a shorter statute of limitations or has a more limited scope than the law of another state." *Id.* So long as the plaintiff did not obtain multiple recoveries, the court believed that there was nothing inconsistent in trying a securities case on multiple theories. *Id.; See also Simms Inv. Co.*

*v. E.F. Hutton & Co*, 699 F. Supp. 543, 545 (M.D. N.C. 1988)(holding that no conflict of law issue existed in applying both Colorado and North Carolina blue sky laws); *Barnebey v. E.F. Hutton & Co.,* 715 F. Supp. 1512, 1534-35 (M.D. Fla.1989)(where some territorial nexus to the securities transaction exists, laws of two or more states may simultaneously apply without presenting conflict of laws question).

Therefore, no choice of law issue exists, and the choice of law clause in Section 12.2 does not bar Plaintiff's claim based on Illinois' blue sky law.

**2. By its Own Language, the Choice of Law Clause Does Not Address or Include State Securities Law Claims**

By its language, the choice of law clause does not include a state securities law claim. The clause is limited in scope, applying only to the corporate merger transaction and all aspects of interpreting and governing the Agreement. Section 12.2 states as follows:

> "[T]he Merger will be governed by Delaware Law to the extent applicable, and all other aspects of this Agreement will be governed by the internal laws of the State of Delaware."

The parties explicitly defined the term "Merger", a definition which focused on the combination of the two entities (See D. I. 31, Exh. A, part 1, page 1). Clearly, the choice of Delaware law applies to the merger transaction itself, to the new, surviving corporate entity, and to the corporate formalities and existence of that new entity. The provision also states that it applies to all aspects of the Agreement, which necessarily includes its enforcement and interpretation.

The choice of law clause does not state, however, that it covers all litigation claims *arising out of or relating to* the Agreement *or the entry into* the Agreement. *See Gloucester Holding Corp. v. U.S. Tape and Sticky Products, LLC*, 832 A.2d 116, 124

(Del. Ch. 2003)(holding that a choice of law clause governing construction of an Asset Purchase Agreement did not cover a fraudulent inducement claim regarding entry into that agreement); compare *VGS, Inc. v. Castiel,* 2003 WL 723285 (Del. Ch. Feb. 28, 2003)(New York law applied to fraudulent inducement claims because the particular choice of law clause provided for New York law "for any litigation arising out of or relating to [this] Agreement and transactions contemplated hereby").

In a nutshell, this choice of law provision applies to matters of corporate law for the surviving entity and to interpreting the Agreement. Section 12.2 is simply not broad enough in its language to encompass pre-contract representations made by the Defendants relating to Mosaic which provide the basis for the state securities law claim. The mere presence of this choice of law clause is not sufficient to bring all potential claims - including an ISL claim - within its coverage.

**3. Application of the Choice of Law Clause as Defendants Are Attempting Violates Illinois Public Policy**

Even if the choice of law clause explicitly covered a state securities law claim, the law does not sanction the elimination of Plaintiff's ISL claim. Both the Restatement (2d) of Conflicts of Laws (which Delaware follows) and the case law are uniform in holding that a choice of law clause will not be given the effect of superseding and negating a state securities law, since to do so would violate the public policy of a state with a materially greater interest than the selected state. In this case, Illinois, with a staunch public policy to protect its citizens from fraudulent securities transactions, clearly has the greater interest in protecting its Plaintiff citizen than does Delaware.

**a. The established law uniformly holds that a choice of law clause will not be honored if it violates the public policy of a state with a materially greater interest than the selected state**

The Restatement (2d) of Conflict of Laws states that the application of the chosen state will not be honored if it is "contrary to a fundamental public policy of a state which has a materially greater interest" than the law of the state selected.[1] In regard to this limitation, the Restatement further explains this principle, stating that "[F]ulfillment of the parties' expectation is not the only value in contract law; regard must also be had for state interest and state regulation....Application of the chosen law will be refused...to protect a fundamental policy of the state which...would be the otherwise applicable law." Restatement (2d) of Conflict of Laws, § 187 cmt. g (1971).

According to a leading treatise on this issue, "[S]ome seven cases have considered the public policy issue in connection with state securities acts. All have concluded that the public policy of the state where the investor was located at the time of either the offer or the sale as expressed in its securities act invalidates any choice of laws clause."[2] 12 Blue Sky L. Rep. (CCH) 4:55 (Nov. 2005). Several of these cases are particularly noteworthy. In *Boehnen v. Walston & Co.*, 358 F. Supp 537 (D. S.D. 1973), plaintiff claimed that the stocks he purchased from defendant were not registered in South Dakota, where plaintiff was located at the time of the sale. Defendant's form customer agreement

---

[1] Restatement (2d) of Conflict of Laws § 187 (2)(b) (1971). Delaware courts look to the Restatement (2d) for guidance in choice of law disputes. *Gloucester Holding Corp. v. U.S. Tape and Sticky Products, LLC*, 832 A.2d 116, 124 (Del. Ch. 2003).

[2] These seven cases are *Boehnen v. Walston & Co*, 358 F. Supp. 537 (D. S.D. 1973); *Getter v. R.G. Dickinson & Co.*, 366 F. Supp. 559 (S.D. Iowa 1973); *Brenner v. Oppenheimer & Co.*, 44 P.3d 364 (Kan. 2002); *In re Infocure Securities Litigation,* 210 F. Supp.2d 1331 (N.D. Ga. 2002); *Alberts v. Davis*, 1978 U.S. Dist. LEXIS 15207 (N.D. Ga. 1978); *Hall v. Superior Court*, 150 Cal. App. 3d 411 (4th Dist. 1983); *Ito Corp v. Prescott, Inc.*, 921 P.2d 566 (1996).

provided that New York law applied. In rejecting the defendant's argument that New York law applied, the court stated as follows:

> "[A] stipulation by which the parties select the law to govern the contract is valid and will be given effect only if it is not contrary to public policy generally, or to the public policy of the forum,...or in violation of a statute of the forum enacted for the protection of its citizens,...[citation omitted]. The purpose of the South Dakota Blue Sky Laws is to protect the public. [citation omitted] To permit the choice of law stipulation in question to control the determination of whether or not South Dakota law will apply, would be to provide an effective means of circumventing legislation designed to protect the citizens of South Dakota. This clearly would be against public policy." *Id.,* at 540-41.

*See also Brenner v. Oppenheimer & Co.*, 273 Kan. 525, 44 P.3d 364, 380 (2002)(holding contractual choice of law clause invalid as against public policy because it sought to negate Kansas blue sky law); *Alberts v. Davis,* 1978 U.S. Dist. LEXIS 15207 at 19 (N.D. Ga. 1978)(holding contract clause choosing Georgia law to govern the relationship between the parties to be invalid on application of securities statutes).

The court in *Getter v. R.G. Dickinson & Co.*, 366 F. Supp. 559 (S.D. Iowa 1973) also held a choice of law provision to be unenforceable. *Id.,* at 575. The court said that plaintiff could not waive the prospective protections of the Iowa Securities Act through a choice of law provision because the clause sought to waive future possible remedies for plaintiff under Iowa's blue sky law, which was against Iowa's public policy. *Id.,* at 574-575.

**b. The choice of law clause in Section 12.2 violates the public policy inherent in the Illinois Securities Law**

As in the cases above, Illinois has a strong public policy in regulating securities transactions in Illinois which affect its citizens. As stated by the Illinois Supreme Court, the ISL was enacted "for the protection and benefit of the ...(Illinois general)...public as

a whole - 'to protect the public from dishonesty, incompetence, ignorance, and irresponsibility of persons engaging in the business of disposing of securities of uncertain value whereby the inexperienced and confiding are likely to suffer loss.'" *Foreman v. Holsman,* 10 Ill. 2d 551, 141 N.E.2d 31, 32 (1957). In *Foreman,* the court held that a contemporaneous release of the seller of securities from "the provisions of" the state securities act was against the settled public policy of the state, as expressed in the statute, and that the plaintiff's remedy of rescission remained intact. The court reiterated that the benefits of a statute may not be waived by an individual in cases where the statute protects the public generally. *Id.*, 141 N.E.2d at 32.

Plaintiff in this case is a citizen of Illinois. His former company, Custom Offers, was an Illinois company with its principal place of business in Illinois. The Defendants personally solicited the merger transaction in Illinois and conducted fraudulent activity in Illinois. The injury occurred in Illinois. The ISL was enacted to protect persons such as Plaintiff and eradicate fraudulent activity in the sale or purchase of securities in Illinois. It cannot be disputed that Illinois has a material and legitimate interest in protecting its citizens from securities fraud.

As the *Foreman* case verifies, Defendants' argument that "applying the Delaware choice of law provision to invalidate Plaintiff's Illinois Securities Law claims also does not violate any fundamental public policy of Illinois" (Memorandum, p. 6, fn 5) is completely incorrect. Not only are they wrong on the law, but Defendants also ask this court to implicitly do what Illinois law and public policy explicitly forbid; namely, apply the choice of law clause and thus waive and extinguish Plaintiff's rights and protections

under the ISL. This result would eviscerate the very protections that both the Illinois Supreme Court and Illinois Legislature sought to preserve.

Finally, it cannot be overlooked that Defendants' present position contradicts their past representations that Delaware was well-suited to address Plaintiff's ISL claim. Defendants advanced law in its previous Motion to Dismiss that supported the proposition that adjudicating this case in Delaware was the appropriate forum for the parties.[3] Now, however, Defendants seek to extinguish all protections of the ISL in a jurisdiction foreign to Plaintiff by claiming that the Delaware blue sky law is the exclusive applicable law, not the ISL. For their contradictory position, Defendants should be estopped from now claiming that Delaware, and not Illinois, law must apply.

**c. Defendants' cited cases are inapplicable because they do not involve state securities law claims**

The case of *Abry Partners V, L.P. v. F & W Acquisition LLC*, 2006 WL 358236 (Del. Ch. Feb. 14, 2006) cited by Defendants, is distinguishable. The plaintiffs in *Abry Partners* had not alleged a state securities law claim, but alleged only common law fraud claims. The *Abry* decision did not address the core issue posed in this case, namely, whether a contractual choice of law provision can eliminate the protections granted in a blue sky law statute. The same is true for the citation to *Turtur v. Rothschild Registry Int'l, Inc.*, 26 F.3d 304 (2nd Cir. 1994). That case did not hold, as Defendants incorrectly represent to this court, that a "New York choice of law provision required dismissal of

[3] See D.I. 9, p. 5.

Texas Securities Act claims" (Memorandum, p. 7).[4] The *Turtur* holding concerned, and dismissed, a common law fraud claim, not a state securities law claim.

The only case that did involve a state security claim in Defendants' citations was *WTM, Inc. v. Henneck*, 125 F. Supp. 2d 864 (N.D. Ill. 2000). This case, however, was erroneously decided. According to one leading treatise on blue sky laws, the court in *WTM* incorrectly analyzed the issue by simply applying the substantive law of the forum state and its public policy, rather than applying a conflict analysis and applying the law of the state with the materially greater interest. *See* 12 Blue Sky L. Rep. (CCH) 4:55 fn 7 (Nov. 2005). The *WTM* court should have looked at the forum state's conflict principles to determine which substantive law applied, rather than simply applying the substantive law of the forum. If the court had done so[5], then the court would have concluded that the state with the materially greater interest had statutory public policy against the waiver of its security law rights. *Id.*

**4. Because Defendants are Not Signatories or Third-Party Beneficiaries to the Agreement, Defendants Lack Standing to Enforce the Choice of Law Clause Against Plaintiff**

The Defendants, who are not signatories or third-party beneficiaries of the Agreement, have no standing to assert the choice of law clause in this case. A non-signatory to a contract has no rights under the contract, and thus no standing to assert claims under the contract. *Rottlund Homes of New Jersey, Inc. v. Saul, Ewing, Remick & Saul, L.L.P.*, 243 F. Supp. 2d 145, 153 (D. Del. 2003); *Insituform of North America, Inc.*

[4] This misrepresentation is not the only one made by Defendants in this portion of their Memorandum. Defendants also claim that Judge Zagel previously ruled that the "choice of law provision designating Delaware law is enforceable against the Plaintiff" (Memorandum, p. 7). Judge Zagel made no such ruling. Defendants never even *raised* the choice of law issue before Judge Zagel in their previous Motion to Dismiss, which focused solely on the forum selection clause in Section 12.2.

[5] See argument B, p. 10, *supra,* for the proper conflict of law analysis.

*v. Chandler,* 534 A.2d 257, 270 (Del. Ch.1987). It is undisputed that the individual Defendants are not parties to the contract.

Defendants also are not third-party beneficiaries of any rights granted in the Agreement.[6] Under the third-party beneficiary doctrine, "an individual who is not a party to a contract has standing to enforce the contract under certain circumstances. To qualify as a third-party beneficiary, the party seeking such status must establish that the contract was "made for the benefit of that third party within the intent and contemplation of the contracting parties". *Rottlund Homes,* 243 F. Supp. 2d at 153. The critical fact in determining whether the third-party is an intended beneficiary with standing to enforce the contract or whether the third party is merely an incidental beneficiary with no contractual standing is the intent of the contracting parties. The benefit to the third-party must have been "affirmatively sought", meaning that the benefit to the third-party "must have been, to some extent, a motivating factor in the parties' decision to enter into the contract." *Id.* "To determine whether the parties intended to make an individual a third-party beneficiary, the court must look to the terms of the contract and the surrounding circumstances." *Id.*

Here, the Agreement is utterly silent regarding any prospective benefits sought to be conveyed to these Defendants. In fact, the Agreement never discusses these individual Defendants, never references in any manner the officers or directors of Mosaic, and never grants any rights or benefits to them as officers or individuals in the Agreement. As the *Rottlund Homes* court stated, any benefit to a third-party must have been "affirmatively sought" and "a motivating factor" in the parties' decision to enter into the contract. There

---

[6] In their Motion, Defendants failed to establish – let alone even assert - that they are third-party beneficiaries of the Agreement.

is no evidence before this Court that the contracting parties affirmatively sought to benefit these individual Defendants. These Defendants are merely incidental beneficiaries to the Agreement. Consequently, no contractual basis exists for these non-party signatory Defendants to claim any right to invoke the choice of law clause against Mr. Organ.[7]

### B. Even if the Court Were To Perform a Conflict of Law Analysis, Delaware Procedural Law Confirms that Illinois Substantive Law Applies to Plaintiff's State Securities Law Claim

As the above arguments reflect, no conflict of law analysis is necessary in this case because there is neither an actual conflict of law to resolve nor an effective choice of law clause for these Defendants to invoke. But even if the Court performed a conflict of law analysis, Delaware procedural law confirms that Illinois has the materially greater interest in this case. Therefore, the ISL must apply to Plaintiff's claim.

For choice of law in the absence of a choice of law provision, Delaware follows the "most significant relationship" test as set forth in § 188 of the Restatement (2d) of Conflict of Laws. *Oliver B. Cannon and Son, Inc. v. Dorr-Oliver, Inc.*, 394 A.2d 1160, 1166 (Del. 1978). This test requires that the "rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties…". *Valley Forge Ins. Co. v. Jefferson*, 628 F. Supp. 502, 504 (D. Del. 1986). In determining which state has the "most significant relationship", the courts consider: (a) the place of contracting; (b) the place of negotiation; (c) the place of performance; (d) the location of

[7] In their supporting Memorandum, Defendants first invoke their purported rights of the Agreement, then incompatibly claim the Agreement does not apply to them. Defendants first attempt to strike down Plaintiff's Illinois statutory rights by invoking the contract's choice of law clause as a sword for their benefit. But then, Defendants retreat and shield themselves, claiming that "[B]ecause none of the Defendants in this case signed the Merger Agreement individually, Plaintiff could not allege breach of contract claims against them." (Memorandum, p. 12, fn 13).

the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties. *Chesapeake Util. Corp. v. American Home Assur.*, 704 F. Supp. 551, 556 (D. Del. 1989); Restatement (2d) of Conflicts of Laws § 188 (2) (1971). "The fact that one of the parties is domiciled or does business in a particular state assumes greater importance when combined with other contacts, such as that this state is the place of contracting or of performance or the place where the other party to the contract is domiciled or does business." Restatement (2d) of Conflicts of Laws §188 cmt. e (1971).

Here, Plaintiff both resided and worked in Illinois, and Defendants came to Illinois to solicit the merger transaction to Organ. Custom Offers was located in Illinois. Mosaic was not a Delaware corporation, but a Canadian corporation. The parties negotiated terms of the Agreement in Illinois. The Defendants both visited Illinois and made numerous phone calls to Illinois to solicit and finalize the transaction. The alleged wrongful conduct also occurred in Illinois (not in Delaware).[8] Plus, the injury occurred in Illinois. Delaware is a *lex loci delecti* jurisdiction, so it will apply the substantive law of the state where the tort or the injury occurred. *Dymond v. National Broadcasting Co.*, 559 F. Supp. 734, 737 (D. Del. 1983). The only connection Delaware had with this transaction was the creation of two companies by Mosaic in which to effectuate the merger transaction. It is obvious that Illinois has a materially greater interest in the application of its substantive law than does Delaware, and so its substantive law should apply.

---

[8] No doubt that one of the reasons the Defendants claim that Delaware blue sky law applies because no wrongful conduct occurred in Delaware. If no wrongful conduct occurred in Delaware, then no violation of the Delaware blue sky law has occurred. Thus, by arguing that Delaware law applies, Defendants seek to effectively deprive Plaintiff of any substantive blue sky law claim for their wrongful actions.

### C. The Integration Clause Does Not Bar Plaintiff's Illinois Securities Law Claim

The integration clause in Section 12.1 does not bar Plaintiff's ISL claim for two reasons: 1) Delaware law does not permit an integration clause without non-reliance language in it to bar claims based on fraud; and 2) case law makes clear that an integration clause may not waive the protections of state securities law claims.

#### 1. Delaware Law Holds that an Integration Clause, Without Non-Reliance Language Within the Clause, Does Not Bar Claims Based on Fraud

In the recent Delaware case of *Kronenberg v. Katz*, 872 A.2d 568 (Del. Ch. 2004), defendants sought summary judgment to preclude plaintiff's fraudulent inducement claim based on a nearly identical integration clause as here. Vice Chancellor Shrine denied the request, holding that "[t]he presence of a standard integration clause alone, which does not contain explicit anti-reliance representations and which is not accompanied by other contractual provisions demonstrating with clarity that the plaintiff had agreed that it was not relying on facts outside the contract, will not suffice to bar fraud claims". *Id.*, at 593. The court further stated that "[b]ecause Delaware's public policy is intolerant of fraud, the intent to preclude reliance on extra-contractual statements must emerge clearly and unambiguously from the contract". *Id.*

Section 12.1 of the Agreement suffers the same flaw as the clause considered in *Kronenberg*. Section 12.1 is an integration clause, and has no non-reliance clause language, as follows:

> "Entire Agreement. This Agreement, including the exhibits, schedules, and other agreements delivered pursuant to this Agreement contain all of the terms and conditions agreed upon by the parties relating to the subject matter of this Agreement and supercede all prior agreements, negotiations, correspondence, undertakings and communications of the parties, whether oral or written, respecting that subject matter."

Section 12.1 does not explicitly disclaim reliance on outside representations. Nowhere did Organ contractually agree that he did not rely on extra-contractual representations made by Defendants. Plus, the language of Section 12.1 does not even include the word "representations" in its language.

### 2. Case Law Holds That an Integration Clause May Not Waive the Protections of State Securities Law Claims

Even if Defendants had drafted an apparently "ironclad" integration clause with non-reliance language in it, the clause would still be ineffective here. Research has revealed no Delaware case holding that an integration clause may waive the protections of a state securities law statute, while decisions from other jurisdictions agree that an integration clause cannot waive a state securities law claim. The court in *Meason v. Gilbert*, 236 Ga. 862, 226 S.E.2d 49 (1976) focused squarely on the issue of what effect is to be given an integration clause in a stock purchase agreement which stated that no representations other than those contained in a prospectus induced the purchaser to buy the securities. Just like in the case at bar, the plaintiff in *Meason* alleged that he was induced to purchase the securities based on fraudulent oral representations, of which the officers and directors partook or acquiesced, and sued under the Georgia State Securities Act for rescission of the contract in which he purchased the corporation's stock. The trial court granted summary judgment based on an integration clause in the contract.[9]

---

[9] The integration clause in *Meason* stated "The (purchaser) understands and agrees that his purchase hereunder is and will be made solely on the basis of information contained in said

The Georgia appellate court reversed, and the Georgia Supreme Court affirmed. Notably, the court in *Meason* agreed with the overall concept that "[t]o allow a purchaser to waive by contract at the time of purchase all violations of the Securities Act would eviscerate the very protections afforded by the statute and such a purported waiver would be void and of no effect." *Id.* at 863.[10] In addition, the Court considered this particular integration clause simply as evidence of whether other representations were made to the purchaser which induced the purchase, and thus, the issue was one of fact for trial and not of law. *Id.,* at 864. The Court also said that if other representations were made than those in the prospectus, then the very use of the integration clause might be in and of itself a "scheme or artifice to defraud" prohibited by the Securities Act. *Id. See also*, *Doody v. E.F. Hutton & Co.*, 587 F. Supp. 829, 832 (D. Minn. 1984)(integration clause in stock purchase agreement not a waiver of plaintiff's federal and state securities law claims alleging oral misrepresentations); *Marram v. Kobrick Offshore Fund, Ltd.*, 442 Mass. 43, 809 N.E.2d 1017, 1029 (Mass. Supp. 2004)(denying motion to dismiss and holding integration clause did not preclude pre-investment misrepresentations and could not waive protections of the Massachusetts blue sky law claim).

In contrast, the decisions cited by Defendants are inapplicable, for several different reasons. First, *none* of the cases address the specific issue of whether an integration clause bars a state securities law claim. This is important not only because

---

prospectus. The (purchaser) further agrees that said prospectus and this purchase agreement contain the entire contract between the (purchaser) and the company and that he relied on no representations, warranties or statements of any kind whatsoever with respect to the company or the shares purchased hereunder not set forth in said prospectus." *Id.* at 863.

10 *See also In the Matter of Linder, Bilotti & Co.*, 42 SEC Decisions, pp. 407, 408 (1964)(provision in subscription agreement purporting to bind any person to waive rights under the antifraud provisions of the Securities Act based on oral or other misrepresentations is void).

none of the cases are directly on point, but also because none of the cases address whether an integration clause could, without violating a state's public policy, limit any statutory rights and protections granted by that state's blue sky law as do *Meason, Doody* and *Marram* discussed above.

Second, several of the cases cited by Defendants barred fraud claims specifically on the basis of non-reliance language in the particular integration clause. *See Rissman v. Rissman*, 213 F.2d 381 (7th Cir. 2000); *Jackvony v. RIHT Fin. Corp.*, 873 F.2d 411 (1st Cir. 1989); *One-O-One Enterprises, Inc. v. Caruso,* 848 F.2d 1283 (D.C. Cir. 1988). Defendants overlook or obscure the critical legal difference between an integration clause and non-reliance language. Here, there is no non-reliance language present in the integration clause in the Agreement. This precise distinguishing factor was found controlling in *Redwend Ltd. Partnership v. Edwards,* 354 S.C. 459, 581 S.E.2d 496 (2004), which held that an integration clause without non-reliance language did not bar the fraud-based claims in that case.

**D. The Delaware Borrowing Statute Does Not Apply**

Defendants' argument that the Delaware borrowing statute, 10 Del. C. § 8121, applies is erroneous. Plaintiff's claim arose in Illinois, where Plaintiff initiated his suit, and so the purpose underlying the borrowing statute of discouraging forum shopping is not present in this case. The Delaware Supreme Court held in *Saudi Basic Industries Corp. v. Mobil Yanbu Petrochemical Co.,* 866 A.2d 1 (Del. Supr. 2005) that a literal reading of Delaware's borrowing statute in that case would have subverted the underlying purpose of the statute (discouraging forum shopping) and would allow the defendant to prevail on a limitations defense that never would have been available to it had the claims

been brought in the jurisdiction in which the claim arose. *Id.*, at 16-17. In *Saudi Basic Industries,* the Court allowed a claim to proceed even though it was past the applicable three-year statute of limitations in Delaware because the claim could have been brought in Saudi Arabia, which had no statute of limitations on the claim. *Id.*, at 18. *See also, B. Lewis Productions v. Bean*, 2005 WL 273298, at *3 (D. Del. Jan. 28 2005)(holding that allowing defendant to take advantage of shorter limitations period would unfairly deprive plaintiff of rights he otherwise may be entitled to and would encourage the forum shopping denounced by the Delaware Supreme Court).

Defendants ignore the underlying purpose of the borrowing statute in their argument. Plaintiff did no "forum shopping" to arrive in Delaware for adjudication of this claim. Rather, the Defendants caused the case to be transferred to Delaware. Now, Defendants want to eat their cake, too, by claiming that the borrowing statute bars the ISL claim. That result would be wrong, because the reasoning in *Saudi Basic Industries* also applies here. Plaintiff's statutory rights under the ISL were not time-barred in Illinois[11], and similarly, they should not be deemed time-barred in this case because of Defendants' forum posturing.

Also, in regard to Delaware's borrowing statute, this Court has held that if a Delaware court applies the substantive law of the foreign state, then the Delaware court will apply the foreign state's statute of limitations. *Dymond,* 559 F.Supp. at 736. In *Dymond,* District Judge Wright noted that with the borrowing statute, "Delaware has made the policy determination in conflict of law decisions that when a cause of action

[11] The ISL has a three-year limitations period which begins when a plaintiff knows or should have known that the ISL was violated, with an end limitations period of five years after the date of the sale of the securities. 815 ILCS 5/13 D. As the Complaint alleges, Plaintiff was not aware of the critical, undisclosed facts until sometime in mid-2004 (D.I. 1, ¶ 40), and filed his Complaint on April 19, 2005.

arises outside of Delaware, and that action would be barred in the state in which it arose because of that state's statute of limitations, the cause of action cannot be brought in Delaware". *Id.*, at 735. However, the court also said that when the Delaware legislature enacted § 8121, a foreign state's statute of limitations would be considered part of that state's substantive body of law. The *Dymond* Court concluded that because the Court would apply Louisiana substantive law to the claim, the Court would likewise apply the Louisiana statute of limitations to the claim. *Id.* at 738.

Defendants' argument fails to raise any of these applicable cases. There is no policy reason for Delaware to apply its borrowing statute or its blue sky law statute of limitations. Defendants' argument must be denied.

**E. The "Indemnification" Article in the Agreement Does Not Limit The Time Frame For Filing an ISL Claim**

Defendants' claim that Article X of the Agreement limits the time in which plaintiff had to file his ISL claim is ill-founded. Article X does not even apply to Plaintiff's ISL claim.[12] Article X addresses "Indemnification" between the signatories for breaches of the covenants in the Agreement and possible fraud claims. Article X does not address state securities law claims in any manner.

But again, even if Article X did apply to blue sky law claims, a clause limiting Plaintiff's ISL rights is against public policy and unenforceable as a matter of law. *See Foreman,* 141 N.E.2d at 32. The benefits of a statute may not be waived by an individual in cases where the statute protects the public generally. *Id.* Each of the cases cited by Defendants in their brief is distinguishable on the same basis that the public protections of a blue sky law may not be waived by contractual agreement.

[12] Defendants fail to identify what specific provision in Article X purportedly bars the ISL claim, leaving both this Court and Plaintiff to guess what Defendants' argument actually is.

## CONCLUSION[13]

For all the reasons stated herein, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss and order that Defendants file an Answer to the Complaint.

ROSENTHAL, MONHAIT & GODDESS, P.A.

Jeffrey S. Goddess (Del. Bar No. 630)
919 Market Street, Suite 1401
Wilmington, DE 19899-1070
Telephone: (302) 656-4433
jgoddess@rmgglaw.com

Of Counsel:

Jack L. Haan
Henry N. Novoselsky
Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C.
20 N. Wacker Drive, #2900
Chicago, IL 60606
Telephone: (312) 621-4400
jhaan@snsfe-law.com

Dated: March 21, 2006

[13] Plaintiff has no intention of seeking leave to state claims at any time under the Delaware blue sky law or common law. Accordingly, Plaintiff is not filing any response to what is essentially an extended "straw man" argument in Defendants' argument II, Sections A & B, contained on pages 8 – 12 of their Memorandum. It does serve to note that Defendants injected numerous, additional factual matters on those pages in its Memorandum which are inappropriate for a Rule 12(b)(6) Motion.

**CERTIFICATE OF SERVICE**

I, Jeffrey S. Goddess, do hereby certify that on March 21, 2006, I electronically filed PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS with the Clerk of the Court using CM/ECF which will send notification of such filing to all registered participant(s), including:

James L. Holzman, Esquire
J. Clayton Athey, Esquire
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, DE 19801

Jeffrey S. Goddess (Del. Bar No. 630)
ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.
(302) 656-4433
jgoddess@rmgglaw.com