## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| LAWRENCE P. ORGAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:05-cv-00867-JJF |
| vs. | ) | |
| | ) | |
| MARC BYRON, BEN KAAK, and | ) | |
| CATHERINE BARBARO | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

PRICKETT, JONES & ELLIOTT, P.A.
James L. Holzman (ID#663)
J. Clayton Athey (ID#4378)
1310 King Street
Wilmington, DE 19899
Telephone: (302) 888-6500
jlholzman@prickett.com
jcathey@prickett.com

Of Counsel:

Robert B. Lovett
Christopher F. Robertson
SEYFARTH SHAW, LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
rlovett@seyfarth.com
crobertson@seyfarth.com

Dated: April 11, 2006

## **TABLE OF CONTENTS**

Page No.

TABLE OF AUTHORITIES ..................................................................................II

ARGUMENT ................................................................................................... 2

    A.    The Choice-of-law Provision in the Merger Agreement Is Enforceable. ............... 2

    B.    The Choice-of-law Provision in the Merger Agreement Precludes Plaintiff's State Securities Claim. .................................................................................. 6

CONCLUSION .............................................................................................. 10

# TABLE OF AUTHORITIES

Page No.

**Cases**

*Abry Partners V, L.P. v. F&W Acquisition LLC,*
891 A.2d 1032, 1046-50 (Del. Ch. 2006) ................................................................ 8, 9, 10, 11

*Al Haddad Bros. Enters., Inc. v. M/S Agapi,*
635 F. Supp. 205 (D. Del. 1986),
*aff'd,* 813 F.2d 396 (3d Cir.1987) ................................................................................. 1, 6

*Ashenden v. Lloyd's of London,*
No. 96 C 852, 1996 WL 717464 (N.D. Ill. Dec. 9, 1996) ...................................... 5, 10, 11, 13

*Bonny v. Society of Lloyd's,*
3 F.3d 156 (7th Cir. 1993) ........................................................................................... 5, 10

*Devex Corp. v. Gen. Motors Corp.,*
263 F. Supp. 17 (D. Del. 1967) ........................................................................................ 6

*FDIC v. W.R. Grace & Co.,*
1987 WL 17495, at *4 (N.D. Ill. Sept. 21, 1987) .......................................................... 12

*Gloucester Holding Corp. v. U.S. Tape & Sticky Prods., LLC,*
832 A.2d 116 (Del. Ch. 2003) ......................................................................................... 9

*Hadley v. Shaffer,*
2003 WL 21960406 (D. Del. Aug. 13, 2003) .................................................................. 7

*Hayman Cash Register Co. v. Sarokin,*
669 F.2d 162 (3d Cir 1982) ............................................................................................. 6

*Hofeld v. Nationwide Life Ins. Co.,*
59 Ill.2d 522, 322 N.E.2d 454 (1975) ............................................................................ 12

*Hugel v. Corp. of Lloyd's,*
999 F.2d 206 (7th Cir. 1993) ........................................................................................... 7

*In re DaimlerChrysler AG Sec. Litig.,*
2003 WL 22769051 (D. Del. Nov. 19, 2003) .................................................................. 7

*In re Rospatch Corp. Sec. Litig.,*
1992 WL 226912, at *15 n.10 (W.D. Mich. Jul. 8, 1992) .............................................. 13

*Janice Doty Unlimited, Inc. v. Stoecker,*
697 F. Supp. 1016, 1019 (N.D. Ill. 1988) ...................................................................... 12

*Katell v. Morgan Stanley Group, Inc.,*
Civ.A. No. 12343, 1993 WL 10871 .................................................................................. 7

*M/S Bremen v. Zapata Off-Shore Co.,*
407 U.S. 1, 12-19 (1972) ................................................................................................. 10

*Midway Home Entm't. Inc. v. Atwood Richards Inc.,*
  1998 WL 774123, at *3 (N.D. Ill. Oct. 29, 1998)...................................................... 12

*Nanopierce Technologies, Inc. v. Southridge Capital Mgt. LLC,*
  2002 WL 31819207, at *10 (S.D.N.Y. Oct. 10, 2002) ............................................... 8

*Potomac Leasing Co. v. Chuck's Pub, Inc.,*
  156 Ill.App.3d 755, 759, 509 N.E.2d 751, 759, 754 (1987) ...................................... 12

*Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
  7 F.3d 1110, 1121 (3d Cir. 1993) ............................................................................... 7

*Rissman v. Rissman,*
  213 F.3d 381 (7th Cir. 2000) .................................................................................... 13

*Romani v. Shearson Lehman Hutton,*
  929 F.2d 875, 880-881 (1st Cir. 1991) ...................................................................... 14

*Saudi Basic Indus. Corp. v. Mobil Yanbu Petrochemical Co.,*
  866 A.2d 1 (Del. 2005) ............................................................................................... 7

*Scherk v. Alberto-Culver Co.,*
  417 U.S. 506 (1974)................................................................................................... 10

*Sinay v. Lamson & Sessions Co.,*
  948 F.2d 1037, 1041-42 (6th Cir. 1991) ................................................................... 14

*VGS, Inc. v. Castiel,*
  2003 WL 723285, at *7 n.29 (Del. Ch. Feb. 28, 2003) ............................................. 9

*WTM, Inc. v. Henneck,*
  125 F. Supp. 2d 864 (N.D. Ill. 2000) ......................................................... 8, 11, 12, 13

iii

**PRELIMINARY STATEMENT**

The majority of Plaintiff's arguments set forth in his Answering Brief in Opposition to Defendants' Motion to Dismiss (D.I. 33) ("Pl. Opp.") have already been addressed and decided by Judge Zagel in his order transferring this case to this Court. Judge Zagel has already held that Plaintiff is bound by the provisions of Section 12.2 of the Merger Agreement, and that his Illinois Securities Law claim for rescission falls within that instrument's forum selection and choice-of-law provisions. *See* Memorandum and Opinion Order at 4-7 (D.I. 21; "Mem. Op."). Plaintiff's failure to address and reconcile Judge Zagel's reasoning and conclusions lays bare the fatal omission in Plaintiff's submission: Judge Zagel's transfer order is law of this case and it mandates that Plaintiff's claims be brought exclusively in Delaware under Delaware law.

Faced with Judge Zagel's prior rulings in this case, Plaintiff is left to argue that enforcement of the negotiated Delaware choice-of-law clause – which requires dismissal of Plaintiff's Illinois Securities Law claim – would violate Illinois public policy. Plaintiff is wrong. In *Ashenden v. Lloyd's of London*, No. 96 C 852, 1996 WL 717464 (N.D. Ill. Dec. 9, 1996), the Illinois district court dismissed the plaintiff's Illinois Securities Law claim in favor of an English choice-of-law and choice of forum provision in the contracts. In doing so, the Illinois court rejected the very same argument made by Plaintiff here, finding that the Seventh Circuit's decision in *Bonny v. Society of Lloyd's*, 3 F.3d 156 (7th Cir. 1993), "effectively closes the door on the plaintiffs' policy argument regarding the Illinois securities laws." 1996 WL 717464, at *3. The strong federal policy in favor of the enforcement of choice-of-law provisions, particularly in international agreements, mandates that Plaintiff's Illinois "public policy" arguments be rejected as a fiction, and his Illinois Securities Law claim be dismissed.

Moreover, such dismissal should be with prejudice. As set forth in Defendants' Moving Brief (D.I. 31), any claims that might be advanced by Plaintiff under Delaware law would be

subject to dismissal as untimely or barred by the terms of the Merger Agreement. Apparently conceding the futility of amendment in this case under Delaware law, Plaintiff not only has not requested leave to amend, but has affirmatively stated that he has *no intention* of seeking such amendment "at any time." Given Plaintiff's unequivocal position, dismissal with prejudice is appropriate.

**ARGUMENT**

**A.    The Choice-of-law Provision in the Merger Agreement Is Enforceable.**

Seeking to avoid the choice-of-law provision in the Merger Agreement in much the same way he sought to avoid the forum selection provision in the Illinois proceedings, Plaintiff again argues alternatively that (i) the choice-of-law provision cannot be enforced by non-signatories to the agreement, or (ii) the Illinois Securities Law claims are somehow unrelated to the merger and/or Merger Agreement. Both of these arguments were presented to, fully briefed, and squarely rejected by Judge Zagel in his prior order transferring the case to this Court. This Court should not revisit these prior rulings, which are the law of the case. *See Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 167-69 (3d Cir 1982) (in a case involving a similar transfer under 28 U.S.C. 1406(a), the law of the case doctrine and principles of comity counseled against revisiting issues previously considered and decided by the transferor court). As recognized by the Third Circuit, "the transferee court should not independently re-examine an issue already decided by a court of equal authority." *Id.* at 169; *see also Al Haddad Bros. Enters., Inc. v. M/S Agapi*, 635 F. Supp. 205, 208 (D. Del. 1986), *aff'd*, 813 F.2d 396 (3d Cir.1987) (upholding previous rulings that parties agreed to a contract provision requiring London arbitration); *Devex Corp. v. Gen. Motors Corp.*, 263 F. Supp. 17, 23 (D. Del. 1967) ("the law of the case doctrine applies to rulings on points other than the actual transfer."). Absolutely no reason exists to revisit Judge Zagel's conclusions that Section 12.2 of the Merger Agreement is enforceable

2

against the Plaintiff, and that Plaintiff's Illinois Securities Law claim for rescission of the merger and Merger Agreement falls well within the reach of that section.[1]

Moreover, Judge Zagel's reasoning is entirely consistent with the law of this Court. In *Hadley v. Shaffer*, 2003 WL 21960406 (D. Del. Aug. 13, 2003) (Farnan, J.), for example, this Court extended the reach of a forum selection provision to non-signatories, relying in part on *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209, 210 (7th Cir. 1993), cited by Judge Zagel in his decision. 2003 WL 21960406, at **6-7. Likewise, in *In re DaimlerChrysler AG Sec. Litig.*, 2003 WL 22769051 (D. Del. Nov. 19, 2003) (Farnan, J.), this Court held that the plaintiff was estopped from arguing that the employees of a corporate signatory could not enforce a jury waiver provision in the underlying agreement, where the claim asserted against the individual defendants were based upon their actions as agents of the corporation. 2003 WL 22769051, at *3; *see Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1121 (3d Cir. 1993) (where corporate principal is bound by terms of agreement, such agreement also covers the corporation's agents, employees and representatives); *American Patriot Ins. Agency, Inc. v. Mutual Risk Mgmt. Ltd.*, 364 F.3d 884, 886 (7th Cir. 2004) (agreement covers corporation's

---

[1] Judge Zagel's conclusion that the *exclusive* forum for the Plaintiff's claims is Delaware distinguishes the decision in *Saudi Basic Indus. Corp. v. Mobil Yanbu Petrochemical Co.*, 866 A.2d 1 (Del. 2005), cited by Plaintiff. Specifically, in *Saudi Basic* the court held that the Delaware borrowing statute codified at 10 Del. C. § 8121 would not prohibit the plaintiff's claim, despite the expiration of the limitations period under Delaware law. 866 A.2d at 17-18. In that case, however, unlike here, the Court recognized that the parties agreed that Saudi law governed the contract and tort claims, and the action could have been brought in Saudi Arabia. 866 A.2d at 15-16; Pl. Opp. at 21. Here, Judge Zagel has already ruled that Plaintiff's claims could *not* be brought in Illinois, and the parties agreed to a Delaware forum and Delaware law. Because it is reasonable to conclude that one of the bargained-for aspects of the Merger Agreement was Delaware's statute of limitations, any claim of "forum shopping" cannot stand, unless levied against the Plaintiff. Contrary to Plaintiff's argument, the *Saudi Basic* decision actually supports the conclusion that Delaware's borrowing statute is fully applicable in this case and bars Plaintiff's Illinois Securities Law claims, even if they could survive the choice-of-law provision in the Merger Agreement. *See, e.g, Katell v. Morgan Stanley Group, Inc.*, Civ.A. No. 12343, 1993 WL 10871, at *7 (Del. Ch. Jan. 14, 1993) (Delaware statutory law "expressly provides that Courts choose the *shorter* limit when such issues arise").

3

affiliates and employees).  There is no reason to overturn Judge Zagel's conclusion that Plaintiff is equitably estopped from arguing that the choice-of-law clause cannot be enforced against him by Defendants.

Judge Zagel's reasoning regarding the applicability of Section 12.2 to the Plaintiff's Illinois Securities Law claim is also consistent with the law of this jurisdiction.  *See Abry Partners V, L.P. v. F&W Acquisition LLC*, 891 A.2d 1032, 1046-50 (Del. Ch. 2006).  In holding that the Plaintiff's Illinois securities law claim was subject to the forum selection clause in the Merger Agreement, Judge Zagel concluded that all of Plaintiff's claims "relate directly to the execution of the Merger Agreement and are inextricably intertwined with the merger."  Mem. Op. at 6.  Viewing those claims against the language of Section 12.2, Judge Zagel rejected the Plaintiff's argument that his claims were somehow unrelated to the merger and the Merger Agreement, holding that they were closely related, "if not central to the claims and defenses in this case."  *Id.* at 7[2]; *see also WTM, Inc. v. Henneck*, 125 F. Supp. 2d 864, 867 (N.D. Ill. 2000) (recognizing that state securities claims brought in connection with merger necessarily were intertwined with merger and Stock Purchase Agreement because "[t]he sale of the securities at issue was effectuated by the Agreement").

Judge Zagel's conclusions regarding the applicability of Section 12.2 to the Plaintiff's claims seeking rescission of the merger and Merger Agreement are entirely consistent with Vice Chancellor Strine's decision in *Abry*.  In that case, as here, the Plaintiff argued for a tortured

---

[2] Although Judge Zagel unequivocally held that Section 12.2 applied to Plaintiff's Illinois Securities Law claim, the Plaintiff nonetheless argues that the choice-of-law provision in Section 12.2 can somehow be separated from the choice of forum provision enforced by Judge Zagel.  This argument is a nonstarter. *See, e.g., Nanopierce Technologies, Inc. v. Southridge Capital Mgt. LLC*, 2002 WL 31819207, at *10 (S.D.N.Y. Oct. 10, 2002) (holding that choice-of-law and choice of forum provisions should be read collectively).  It is simply not reasonable to conclude that Judge Zagel held that one sentence of Section 12.2 applied to the Plaintiff and governed his Illinois Securities Law claim, but the immediate prior sentence did not.

reading of the choice-of-law provision that would apply Delaware law to contract claims, but would carve out rescission claims based on fraud or fraudulent inducement in connection with the merger. *See Abry*, 891 A.2d at 1047. As Judge Zagel recognized in this case, "[i]n essence, Plaintiff argues his suit is unrelated to the Merger Agreement." Mem. Op. at 6. Rejecting the assertion that claims seeking rescission could be separated from the merger and merger agreement, the *Abry* court, citing Section 201 of the Restatement (Second) of Conflict of Laws, held that such an argument "is not sensible." 891 A.2d at 1047. "To hold that their choice is only effective as to the determination of contract claims, but not as to tort claims seeking to rescind the contract on grounds of misrepresentation, would create uncertainty of precisely the kind that the parties' choice of law provision sought to avoid." *Id.* at 1048. *See VGS, Inc. v. Castiel*, 2003 WL 723285, at *7 n.29 (Del. Ch. Feb. 28, 2003) (citing Section 201 of the Restatement (Second) of Conflict of Laws with approval, and holding that law governing agreements also governs fraud and misrepresentation claims seeking relief for wrongful inducement of the contract).[3]

In short, the plaintiff has offered no reason to revisit or overrule the sound reasoning of Judge Zagel, which concluded that (i) the Plaintiff was bound by Section 12.2 of the Merger Agreement, including its forum selection and choice-of-law clauses, and (ii) the Plaintiff's Illinois Securities Law claim falls within the scope of that section. As recognized by Vice

---

[3] In finding that it would be nonsensical to separate rescission claims based upon fraud or fraudulent inducement from the choice-of-law provisions in the underlying agreements, the *Abry* court specifically rejected application of § 187 of the Restatement (Second) of Conflict of Laws, cited by the Plaintiff, and distinguished *Gloucester Holding Corp. v. U.S. Tape & Sticky Prods., LLC*, 832 A.2d 116 (Del. Ch. 2003), relied upon by Plaintiff in his answering brief. Distinguishing *Gloucester Holding*, the Court noted that the parties did not refer to § 201 of the Restatement in the arguments to the Court. "Had they, I have no doubt that the court would have followed § 201 and the reasoning of *Castiel*, decided just a month earlier." *Abry*, 891 A.2d at 1047 n.24.

5

Chancellor Strine, the parties "made an effective choice of law, and that law governs [the Plaintiff's] attempt to avoid the Agreement." *Abry*, 891 A.2d at 1050.

**B.    The Choice-of-law Provision in the Merger**
**<u>Agreement Precludes Plaintiff's State Securities Claim.</u>**

Unable to articulate any sound reason why this Court should revisit and overturn Judge Zagel's conclusion that Section 12.2 is enforceable against the Plaintiff, the Plaintiff alternatively argues that Illinois public policy requires denial of the Defendants' motion to dismiss his Illinois Securities Law claim. Unfortunately for the Plaintiff, this public policy argument has been squarely addressed and rejected by the Illinois federal court in *Ashenden v. Lloyd's of London*, 1996 WL 717464, at *3 (N.D. Ill. Dec. 9, 1996). In *Ashenden*, the court granted the defendant's motion to dismiss plaintiff's Illinois Securities Law claims, where the underlying agreement contained a choice-of-law provision designating that English law would apply. The plaintiffs argued, as the plaintiff argues here, that the choice of English law in the agreement was unreasonable "because the application of English law would undermine the plaintiffs' substantive rights under Illinois' securities laws, thereby violating Illinois public policy." 1996 WL 717464, at *2. This argument was unavailing.

Specifically, the *Ashenden* court, relying upon the Seventh Circuit's decision in *Bonny v. Society of Lloyd's*, held that the plaintiffs' public policy arguments could not overcome the equally strong public policy arguments in favor of enforcing choice-of-law and choice of forum clauses in international agreements.[4] 1996 WL 717464, at *3. In *Bonny*, the Seventh Circuit

---

[4] As stated by the United States Supreme Court, choice-of-law and choice-of-forum provisions in international commercial agreements are "an almost indispensable precondition to achievement of the orderliness and predictability essential to any international business transaction" and should be enforced absent strong reasons to set them aside. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 516-20 (1974); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-19 (1972) (discussing strong federal policy behind enforcing choice-of-law and choice-of-forum provisions in international agreements). Moreover here, the law chosen was not some remote jurisdiction, but the law of Delaware, which is routinely selected in

enforced an English choice of forum and choice-of-law provision, notwithstanding that such enforcement would deny the plaintiffs the ability to bring federal securities law claims. 3 F.3d at 161. Importantly, the Seventh Circuit enforced the choice-of-law clause and dismissed these claims, even while acknowledging that the federal securities laws contained specific anti-waiver provisions. *Id.* To the contrary, as recognized by the court in *Ashenden*, the Illinois Securities Law contains no such anti-waiver provision, undermining any public policy argument against enforcement of an otherwise valid choice-of-law provision.[5] As recognized by the court, "[t]he *Bonny* decision thus effectively closes the door on plaintiffs' policy argument regarding the Illinois securities laws." *Ashenden*, 1996 WL 717464, at *3.[6] That is even more the case here, where it is not the law of a foreign country that would be applied, but the law of Delaware. Certainly, in light of the *Bonny* and *Ashenden* courts' conclusion that English law adequately protects Illinois citizens, Plaintiff cannot be heard to argue that Delaware law fails to do so.

Consistent with the decisions in *Ashenden* and *Bonny*, numerous other decisions in Illinois have concluded that there is no public policy prohibition on the enforcement of a choice-

---

complex commercial transactions to provide a manageable and orderly set of rules to such transactions. *See Abry*, 891 A.2d at 1047 n.24.

[5] The absence of any anti-waiver provision in the Illinois Securities Law renders all of the authority cited by the Plaintiff inapposite. Specifically, the Plaintiff cites a treatise collecting a few cases from other jurisdictions, but none from Illinois other than *WTM, Inc. v. Hennick*, 125 F. Supp. 2d 864 (N.D. Ill. 2000), which *dismissed* state securities claims in light of a choice-of-law provision. The treatise relied upon by Plaintiff also nowhere cites *Ashenden* or *Bonny*, which are directly on point, nor does the treatise distinguish between those state's securities laws that do or do not contain specific anti-waiver provisions. Here, the only public policy that is relevant is the public policy of Illinois, which does not prohibit enforcement of the Delaware choice-of-law provision to the exclusion of the Illinois Securities Law. *See WTM, Inc.*, 125 F. Supp. at 867-68 ("The fact that a different state may provide certain statutory rights for a plaintiff which are not available under the chosen state's law does not invalidate a choice-of-law provision as contrary to public policy").

[6] *See also Haynsworth v. Lloyd's of London*, 121 F.3d 956, 966 (5th Cir. 1997) (dismissing Texas securities law claims in face of English choice-of-law provision, notwithstanding anti-waiver provisions in Texas Securities Act); *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1231 (6th Cir. 1995) (dismissing Ohio securities law claims in light of choice-of-law provision designating English law).

of-law provision to the exclusion of another state's securities laws. In *WTM, Inc. v. Hennick*,

125 F. Supp. 2d 864, 867-68 (N.D. Ill. 2000), for example, the court dismissed the plaintiff's

Minnesota securities claims in light of an Illinois choice-of-law provision in the underlying

agreement. In doing so, the court stated that "a court should not refuse to apply the law of a

foreign state, however unlike its own, unless it is contrary to pure morals and abstract justice, or

unless the enforcement would be of evil example and harmful to its people." *Id.* at 868 (quoting

*Potomac Leasing Co. v. Chuck's Pub, Inc.*, 156 Ill.App.3d 755, 759, 509 N.E.2d 751, 759, 754

(1987) (dismissing Illinois statutory claims in light of parties' choice of Michigan law)).[7] *See*

*also FDIC v. W.R. Grace & Co.*, 1987 WL 17495, at *4 (N.D. Ill. Sept. 21, 1987) (dismissing

claims under Texas and Oklahoma securities law in the face of choice-of-law provision

designating Illinois law).[8] "In fact, Illinois courts have enforced parties' choice-of-law

provisions even though the chosen state left plaintiff without recourse under another state's law."

*WTM, Inc.*, 125 F. Supp. 2d at 868. *See also Midway Home Entm't. Inc. v. Atwood Richards*

*Inc.*, 1998 WL 774123, at *3 (N.D. Ill. Oct. 29, 1998) ("Illinois courts themselves have enforced

---

[7] In addition to securities claims, Illinois courts have also determined that there is no public policy prohibition against dismissing consumer fraud and other statutory claims pursuant to an otherwise enforceable choice-of-law provision. *See, e.g., Janice Doty Unlimited, Inc. v. Stoecker*, 697 F. Supp. 1016, 1019 (N.D. Ill. 1988) (choice-of-law provision in agreement required dismissal of plaintiff Illinois consumer fraud claims); *Hofeld v. Nationwide Life Ins. Co.*, 59 Ill.2d 522, 322 N.E.2d 454 (1975) (Georgia choice-of-law provision in an insurance contract required the dismissal of claims under the Illinois Insurance Code, even though the misrepresentation allegedly took place before the decedent entered into the contract for insurance).

[8] Needless to say, the Illinois court's dismissal of Texas and Oklahoma securities claims in *FDIC v. W.R. Grace & Co.* demonstrates that the Plaintiff's assertion that the *WTM, Inc.* decision is "[t]he only case that did involve a state security claim" is wrong. Moreover, these cases necessarily rejected Plaintiff's argument that a choice-of-law provision cannot defeat a state securities claim because choice-of-law principles somehow do not apply. Tellingly, while Plaintiff cites a treatise and cases from other jurisdictions, he has not – because he cannot – cite any authority from Illinois holding that Illinois public policy negates a choice-of-law provision designating that claims must be brought another jurisdiction's law. *See* Pl. Opp. at 9-10.

parties' choice-of-law provision even though a foreign state's consumer fraud statute left the Illinois residents no recourse").[9]

For all of the foregoing reasons, the choice of Delaware law in Section 12.2 of the Merger Agreement is fully enforceable against the Plaintiff, and does not violate any public policy of Illinois. Because the Plaintiff is contractually obligated to bring claims only in Delaware courts under Delaware law, his Illinois Securities Law claim must be dismissed.

### C.    Plaintiff's Complaint Must be Dismissed with Prejudice.

As set forth in the Defendants' moving brief, any amendment by Plaintiff under Delaware statutory or common law at this time would be futile.[10]  Apparently recognizing this futility, Plaintiff boldly states in his Answering Brief that he "has no intention of seeking leave to state claims at any time under the Delaware blue sky law or common law." Pl. Opp. at 23 n.13.  Thus, the Plaintiff has not only failed to seek leave to amend, but has affirmatively stated that he has no intention of ever seeking such leave "at any time." As such, the complaint should be dismissed

---

[9] In light of the decisions in *Ashenden*, *WTM, Inc.* and *FDIC v. W.R. Grace*, which enforced choice-of-law provisions to the exclusion of the state securities laws of other jurisdictions, Plaintiff's citation to authority discussing the possible applicability of more than one state's securities laws to a single transaction are of no moment.  Those cases did not involve the application of a negotiated choice-of-law provision, but simply stand for the unremarkable proposition that in the absence of such a provision, multiple state's securities laws might apply to a single transaction.  Pl. Opp. at 6-7.  Moreover, the reasoning of these decisions is by no means uniform.  *See, e.g.*, *In re Rospatch Corp. Sec. Litig.*, 1992 WL 226912, at *15 n.10 (W.D. Mich. Jul. 8, 1992) (recognizing that "[f]ederal courts have split on this issue").

[10] Defendants advanced several reasons why an amendment under Delaware law would be futile, including the passage of the applicable statute of limitations and the existence of an integration clause in the Merger Agreement.  These arguments apply equally to Plaintiff's claim under Illinois law, even if it could survive the choice-of-law clause.  First, as noted above, the Delaware borrowing statute, 10 Del. C. § 8121 imposes the Delaware three-year statute of repose on Plaintiff's securities claim, barring that claim.  Second, the integration clause in the Merger Agreement prohibits Plaintiff's Illinois claim as well, under the reasoning of *Rissman v. Rissman*, 213 F.3d 381 (7th Cir. 2000).  Although Plaintiff cites a number of cases in an effort to defeat the applicability of the integration clause to his claims, those cases all involve anti-reliance clauses and affirmative misrepresentations.  Here, Plaintiff has not alleged any affirmative misrepresentations by the Defendants.  Rather, his claims are limited to claims alleging a failure to disclose information in addition to the disclosures in the Merger Agreement.  On these facts, the integration clause in the merger agreement defeats Plaintiff's omission claims. *See id.*

9

with prejudice.  *See, e.g., Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 880-881 (1st Cir. 1991) (holding that, in absence of a request for leave to amend, dismissal with prejudice is not an abuse of discretion); *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041-42 (6th Cir. 1991) (same); *cf. Huss v. Green Spring Health Srvs., Inc.*, 18 F. Supp. 2d 400, 406 n.13 (D. Del. 1998) (plaintiff must request leave to amend).

## CONCLUSION

For all of the foregoing reasons, the Defendants respectfully request that this Court dismiss the Plaintiff's Complaint with prejudice.

PRICKETT, JONES & ELLIOTT, P.A.

Of Counsel:

Robert B. Lovett
Christopher F. Robertson
SEYFARTH SHAW, LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

/s/ J. Clayton Athey
James L. Holzman (DE Bar #663)
J. Clayton Athey (DE Bar #4378)
1310 King Street
Wilmington, DE 19899
Telephone: (302) 888-6500
Facsimile: (302) 658-8111

Dated:  April 11, 2006

10